## KEITH *v.* HUGHEY *et al.*

LUMPKIN, J.  1. Under the ruling in *Anderson* v. *Newton*, 123 *Ga.* 512 (51 S. E. 508), and *Kirkland* v. *Atlantic & Birmingham Railway Company*, 126 *Ga.* 246 (55 S. E. 23), the assignment of error in the exception to the interlocutory order of the court, which in effect stopped the regular proceeding of a claim case, was sufficient.

2. Considering section 5527 of the Civil Code (which declares that all petitions for equitable relief shall be filed in the county of the residence of one of the defendants against whom substantial relief is prayed, "except in cases of injunctions to stay pending proceedings, when the petition may be filed in the county where the proceedings are pending; provided, no relief is prayed as to matters not included in such litigation") in connection with the clause of the constitution which declares that equity cases shall be tried in the county where the defendant resides against whom substantial relief is prayed (Civil Code, § 6540), the part of the section first cited which is quoted is sustained on the theory that the person who institutes an action in a particular county thereby voluntarily submits himself to the jurisdiction so far as matters involved in such litigation are concerned. This waiver operates as to persons who are or properly become parties to such litigation. But where a fi. fa. is levied on property, and a claim is interposed and re-

49

turned to the proper court for trial, this does not operate as a waiver of jurisdiction by the claimant as to all the world, so as to authorize the original · defendant in fi. fa. to file an equitable petition in the county where the claim is pending, asserting title in himself, and seeking to obtain equitable relief against the claimant, and, as a part thereof, to enjoin the proceeding of the execution and the claim case, regardless of the residence of any person against whom substantial relief is sought. *Ray* v. *Home and Foreign Investment Co.*, 106 *Ga.* 492, 497 (32 S. E. 603) ; *Thomason* v. *Thompson*, 129 *Ga.* 440 (59 S. E. 236).

3. A defendant in execution is not a party to a claim case; and the waiver which operates between the claimant and the plaintiff in fi. fa. does not authorize the defendant in fi. fa. to file an equitable petition against both of them,· but praying substantial relief only against the claimant, in the county in which the claim case is pending, where the claimant resides in another county of this State.

4. Under the allegations of the petition in this case, brought by the defendant in fi. fa., no substantial relief was prayed against any person other than the claimant. The suit was filed in the county where the claims were pending, which was a different county from that in which the claimant resided. It was admitted in the petition that the executions represented just claims, and that the property of the defendant in fi. fa. was subject thereto. Although injunction was prayed against the plaintiffs in fi. fa., there was no substantial controversy with them, but only with the claimant. It was therefore error, where a plea to the jurisdiction was filed by the non-resident defendant, against whom alone substantial relief was prayed, on an interlocutory hearing to grant an order directing the sheriff to sell the property, pay the liens for labor which had been levied, and hold the proceeds. *Railroad Commission* v. *Palmer Hardware Co.*, 124 *Ga.* 633, 637, 640 (53 S. E. 193).

> *Judgment reversed. All the Justices concur.*
> OCTOBER 15, 1912.

Injunction.    Before Judge Fite.    Whitfield superior court. April 3, 1912.

*C. D. & F. K. McCutchen*, for plaintiff in error.

*M. C. Tarver*, contra.