HARRISON v. LOVETT.

No. 14979. OCTOBER 13, 1944.

*H. G. Bell,* for plaintiff in error.   *A. B. Conger,* contra.

ATKINSON, Justice.   (After stating the foregoing facts.) █ The special appearance to the jurisdiction, filed by Harrison, was based on the ground that he had not been served with the petition and rule; that the service on H. G. Bell was not service on him, as Bell was not representing him as attorney in this particular proceeding.   The petition alleged that Harrison, a resident of Panama City, Florida, had filed a suit against Lovett in the city court of Bainbridge.   A copy of this suit, which was attached to the petition, showed that it had been filed by H. G. Bell as attorney.   As a general rule, the courts of this State have no extra-territorial jurisdiction, and cannot make citizens of other States amenable to their process, or conclude them by a judgment in personam; but where a non-resident voluntarily institutes a suit in this State, he submits himself, for all purposes of that suit, to the jurisdiction of the courts of the county in which the suit is pend-

ing (*Crawley* v. *Barge,* 132 *Ga.* 96, 63 S. E. 819; *Gordy* v. *Levison & Co.,* 157 *Ga.* 670 (1, 2), 122 S. E. 234; *Anderson* v. *Black,* 191 *Ga.* 627, 13 S. E. 2d, 650); and where such a suit "is pending in a court of limited jurisdiction, which for want of power can not afford full relief, the defendant, by proper proceeding in the superior court" of that county, may enjoin the prosecution of the suit, and "set up and have adjudicated as to the non-resident plaintiff all matters necessary for his complete defense." *Moore* v. *Medlock,* 101 *Ga.* 94 (28 S. E. 836); *Home Mixture Guano Co.* v. *Woolfolk,* 148 *Ga.* 567 (97 S. E. 637). Rule 2 of the superior courts (Code of 1933, § 24-3362), has been superseded by Rule 26 (Ga. Code Ann., § 24-3326), which reads as follows: "The service of any notice, process, motion, rule or order of the court on the attorney of record for any party to a cause pending in any court in this State shall be deemed sufficient service." In view of the foregoing, the court did not err in overruling the special plea to the jurisdiction, on the ground that service on the attorney was not service on Harrison.

■ While the special appearance by Harrison to object to the jurisdiction of the superior court was based on lack of proper service, it is certified by the trial judge in the exceptions pendente lite to the overruling of this motion, that there was then an oral motion to dismiss the petition because it contained no prayer for process and no process was attached to the petition, and that the motion was overruled. Assuming, without deciding, that a prayer for process, and process, are essential in the instant proceeding (despite the inferences deducible from the language in *Remley* v. *DeWall,* 41 *Ga.* 466, 476; *Caswell* v. *Bunch,* 77 *Ga.* 504; and *Warren* v. *Federal Land Bank,* 157 *Ga.* 464, 122 S. E. 40, 33 A. L. R. 45), in order properly to present the question, an attack on the lack of process should have preceded the objection as to service of the petition, or else the question as to lack of process should have been raised in the special appearance objecting to the service. The Code, § 81-209, provides: "Appearance and pleading shall be a waiver of all irregularities of the process, or of the absence of process, and the service thereof." In filing a general demurrer without protesting the court's lack of jurisdiction due to the omission of process, that defect was waived. *Dykes* v. *Jones,* 129 *Ga.* 99, 103 (58 S. E. 645); *Wilson* v. *Augusta,* 165 *Ga.* 520 (141 S.

E. 412); *Bower* v. *Avery*, 172 *Ga.* 272 (4) (158 S. E. 10).

Under our procedure, the prayer for process and process precede service. If there is no prayer for process the person sued is not a party defendant; and the mere acknowledgment of service upon a petition, and a waiver of service of the petition, are not a waiver of a prayer for process, or a waiver of process. *Seisel* v. *Wells*, 99 *Ga.* 159 (1, 2) (25 S. E. 266). One who is not a party by reason of the absence of process, but who appears and contests the manner of service, will necessarily waive any defect in reference to process. Any objection to the omission of a prayer for process, and to the failure to attach process, should precede an attack relating to service; and where there is a special appearance for the purpose of objecting to jurisdiction of the person for lack of service, but the omission of a prayer for process or the omission of process is not attacked, such omissions as to process are waived. Accordingly, there was no error in overruling the motion to dismiss the petition on the grounds that it contained no prayer for process and that no process was attached.

■ By both general and special demurrers, the petition was attacked on the ground that Lovett, in his equitable petition in the superior court, claimed damages arising ex delicto, and sought to set up such damages as a defense to the contract sued on in the city court of Bainbridge. The exact question here raised has been ruled adversely to this contention. In *Hilton* v. *Rogers*, 152 *Ga.* 658 (111 S. E. 33), it was said: "'Damages arising ex delicto can not be set off against a cause of action arising ex contractu, but a defendant sued at law upon a cause of action arising ex contractu may, in equity, set off damages arising ex delicto, when the plaintiff is insolvent or a non-resident. And if the plaintiff's suit is pending in a city court, the defendant, in order to avail himself of such right of equitable set-off, may apply to the superior court as a court of equity, to enjoin the common-law proceeding in the city court and take jurisdiction of the entire controversy between the parties and make a decree doing complete justice between them.' *Arnold* v. *Carter*, 125 *Ga.* 319-325 (54 S. E. 177); *Hecht* v. *Snook &c. Co.*, 114 *Ga.* 921 (41 S. E. 74); *Ray* v. *Anderson*, 119 *Ga.* 926 (47 S. E. 205)." The petition set forth a cause of action, and the court did not err in overruling the general demurrer thereto.

■ The court did not err in overruling the special demurrers. Ground 1 was a general demurrer. Ground 2, as to service, is covered by the rulings in division 1 of this opinion. Ground 3 recited that a mortgage fi. fa. was attached to the petition, though the affidavit upon which it was based was not attached, and this recitation was immediately followed with the statement that it is "presumed as a matter of law, without it appearing otherwise, that the execution was issued on legal affidavit." Such a ground of demurrer raises no question for decision. The objection raised by the 4th ground was stricken by amendment. Ground 5 was directed at paragraphs 9 and 10 of the petition, which related circumstances under which the car was seized and taken from Lovett by Harrison, and the demurrer asserted that there was no allegation as to Harrison being entitled under the contract to do so. The allegations in paragraphs 13 and 19E that the car was taken from Lovett illegally and without right or authority, were sufficient to meet this ground of demurrer. The objectionable matter attacked by the 6th ground was stricken by amendment. Ground 7 was directed to paragraphs 12 and 13, containing allegations relied upon by Lovett, which, unless Harrison established a breach of the contract by showing an illegal transportation by Lovett of whisky in the car, were germane to his case. Ground 8 was directed at paragraphs 14 and 15 of the petition, which alleged that Harrison had seized the automobile, refused to return any part of the cash paid, and refused to dismiss the suit upon the note and the garnishment proceedings unless Lovett paid $20 court costs and $75 attorney's fees; the ground of demurrer being that it does not appear that Lovett had paid such note. The payment of the note was not essential to the cause of action. Grounds 9 and 10, asserting that no facts are set up to show cause for equitable relief, are covered by division 3 of this opinion relating to the general demurrer. Ground 11 was directed to paragraph 18 of the petition, which denied indebtedness on the suit in the city court. This was a proper allegation. Grounds 12 and 13A are covered by division 3 of this opinion relating to the general demurrer. Ground 13B, C, and E, to the effect that the petition does not deny the violation of the retention-title contract, or show that it was not due, are merely assertions which are contrary to a reasonable interpretation of the petition. The objection in ground

13D, as to the petition showing that the garnishment proceeding was instituted prior to the recovery of the automobile, is without merit. Grounds 14 and 15 are covered by the ruling in division 3 of the opinion relating to the general demurrer.

■ Grounds 1 through 14 and ground 39 of the motion are predicated upon lack of process, jurisdiction, or service, attack the contents of the pleadings, and are grounds which were, or should have been raised by plea or demurrer. Such as were so raised are covered by rulings made in divisions 1 and 2 of this opinion. Under grounds 15 and 16, the evidence offered by Harrison to show transactions by him with a discount company in an effort to discount the purchase-money note executed to him by Lovett, was properly excluded as being hearsay and irrelevant to the issues. Ground 17 **is an exception to the ruling of the trial judge in excluding testimony by Harrison as to items** of cost totalling $349.95, which he sought to recover from Lovett. The brief of evidence discloses that Harrison did testify in detail as to the various items constituting this total. Grounds 18, 19, 25, 31, 32, 33, 35, and 36 are based upon the exclusion of testimony offered by Harrison. Upon examination of each of these grounds, we find that there was no error in excluding such testimony, since the evidence set forth under each ground was inadmissible as being hearsay. Under grounds 20, 21, 22, 23, 24, 26, 28, 30, and 34, certain testimony adduced on the trial to establish the contentions of Harrison is set forth, and it is contended that in view of this evidence the verdict for Lovett was contrary to law. None of the evidence demanded a verdict. Each item of evidence related to a disputed issue, and is covered under the general grounds of the motion for new trial. Under ground 27, the exclusion of the answer of the witness was not error, it appearing from the question and answer that the trial judge correctly interpreted the answer as a conclusion of the witness. Ground 29 is based upon the exclusion of a letter offered by Harrison. Neither the letter being incorporated, nor the substance thereof being stated, in this ground, it is incomplete and presents no question for decision by this court. Each ground of a motion for new trial must be complete and understandable within itself; and reference to other grounds, the brief of evidence, the charge of the court, or to other parts of the record, should not be required in order to understand assignments of error.

474

Such rulings have been so often announced by this court that citations are unnecessary.

Ground 37 asserts error in the following portion of the charge: "I charge you, gentlemen, in this case, that if the plaintiff has carried the burden of proof upon him by law, and if he has established his case to your satisfaction, you should find a verdict in favor of the plaintiff; and in that connection I charge you this, in every tort there may be aggravated circumstances, either in the act or the intention, and in that event the jury may give additional damages, either to deter the wrongdoer from repeating the trespass or as compensation for the wounded feelings of the plaintiff." The last portion of this charge is in the language of the Code, § 105-2002. The only exception to the charge is that it "was error." Where an excerpt from an instruction of the court is excepted to generally without indicating any specific defect, and the charge in the abstract is correct, giving such excerpt in charge will not be held erroneous. *Jefferson* v. *State*, 131 *Ga.* 28 (61 S. E. 997); *Higdon* v. *Williamson*, 140 *Ga.* 187 (3) (78 S. E. 767); *Chancey* v. *State*, 145 *Ga.* 12 (3) (88 S. E. 205). Ground 38 is an exception to a portion of the charge which states the amount of damages claimed by Harrison in his cross-bill. The amount designated in the charge was $349.95, which was the amount alleged in paragraphs 14, 15, and 16 of the cross-bill.

Accordingly, it was not error to overrule the motion for new trial on any of the special grounds of the motion.

█ The evidence was sufficient to authorize the verdict, and the court did not err in overruling the motion for new trial on the general grounds.

*Judgment affirmed. All the Justices concur, except Duckworth, J., who dissents.*