COMMERCIAL CREDIT CORPORATION *v.* DAVIS.

No. 17371.  FEBRUARY 13, 1951.

564

*Dykes, Dykes & Marshall,* for plaintiff in error.
*Fort & Fort* and *Charles Burgamy,* contra.

ALMAND, Justice. The sole contention urged by the plaintiff in error is that the facts alleged in the petition show that both defendants are non-residents of Sumter County, and, under the Constitution and laws of this State, the trial court was without jurisdiction to entertain the petition and grant affirmative equitable relief. It is contended that the allegations of the petition do not bring the case within the exception provided in Code, § 3-202, under which a petition for injunction to stay pending proceedings may be filed in the county where the proceedings are pending, though such county be not the residence of the defendant against whom relief is prayed, "provided no relief is sought as to matters not included in such litigation." It is insisted that the relief prayed by Davis in his equitable petition is as to matters not included in the city-court suit, and that the court should have sustained the general demurrer because it appears that all of the defendants are non-residents of Sumter County.

■ Where a plaintiff institutes a suit in a county other than that of his residence, he submits himself to the jurisdiction of the courts of the county where the suit is pending. Where such suit is pending in a court of limited jurisdiction, and for want of jurisdiction cannot afford to the defendant in the pending suit full relief, a court of equity in the county where the suit is pending may enjoin the suit at law and allow the defendant in such pending suit to set up and have adjudicated, as to the non-resident plaintiff, all matters included in such litigation. *Home Mixture Guano Co.* v. *Woolfolk,* 148 *Ga.* 567 (1) (97 S. E. 637). Where a plaintiff, a non-resident of this State, sues a resident defendant in a court of law which has no power to make new parties to the action, a court of equity, on a proper case made, will enjoin the proceedings at law so that full relief may be afforded the defendant in the action at law. *Radcliffe* v. *Ellington,* 56 *Ga.* 222.

The right of a defendant, sued in a court of law upon a cause of action ex contractu, to set off against the plaintiff's demand damages arising ex delicto, on the ground that the plaintiff is insolvent or a non-resident, is a purely equitable right, in the enforcement of which is involved the granting of affirmative relief, and cannot be recognized in a court in which the authority to entertain equitable defenses does not extend to any case where the defense is of a nature which not only requires recognition of an equitable right, but, in order to enforce the same, the granting of affirmative relief; and this is so though the defense be based upon a right purely legal. *Hecht* v. *Snook & Austin Furniture Co.,* 114 *Ga.* 921 (1) (41 S. E. 74). As a general rule, the courts of this State have no extraterritorial jurisdiction, and cannot make citizens of a different State amenable to their processes or conclude them by a judgment in personam without their consent. However, where a non-resident of this State institutes a suit in this State, he submits himself for all purposes of that suit to the jurisdiction of the courts of the county in which the suit is pending. *Gordy* v. *Levison & Co.,* 157 *Ga.* 670 (122 S. E. 234).

■ The instant case, on its facts and equitable principles of law, is practically the same as that of *Harrison* v. *Lovett,* 198 *Ga.* 466 (1) (31 S. E. 2d, 799). There one Harrison, a resident

of Florida, through a resident attorney, sued Lovett, a resident of Decatur County, in the City Court of Bainbridge, to recover a money judgment on a reservation-of-title contract representing the balance due on the purchase-price of an automobile. While the action was pending, and after his bank account had been garnished, Lovett filed an equitable petition in Decatur Superior Court, alleging that before any payment was due on the title-reservation contract, Harrison illegally and forcibly repossessed the automobile, and Lovett had been damaged in the sum of $1147.54 by reason of Harrison's illegal taking of his automobile; and that he had also been damaged in named sums by reason of the foreclosure suit and the garnishment proceeding. Lovett alleged that he was not indebted to Harrison; and that, since the City Court of Bainbridge had no equitable jurisdiction, he could not prosecute his claim for damages in the city-court action, and was entitled to equitable relief. In sustaining the order of the trial court overruling Harrison's plea to the jurisdiction and his demurrer to the equitable petition, this court held: "Where a suit was filed by a resident of Florida against a citizen of this State in a city court of the county of his residence, and the party sued filed an equitable petition in the superior court of the same county, alleging equitable defenses and praying that the suit in the city court be enjoined and that he be granted equitable remedies, and where a rule nisi was issued by the superior court and served on the attorney of record for the plaintiff in the city-court suit, the superior court did not err in overruling a special plea to the jurisdiction based on the ground that service on the attorney was not service on his non-resident client."

An examination of the facts alleged in the instant petition, which are set out in the statement, discloses that the rulings in *Harrison* v. *Lovett,* supra, control the case at bar. We have examined the cases relied on by the plaintiff in error—*Keith* v. *Hughey,* 138 *Ga.* 769 (76 S. E. 91), *Askew* v. *Bassett Furniture Co.,* 172 *Ga.* 700 (158 S. E. 577), *Cone* v. *Davis,* 179 *Ga.* 749 (177 S. E. 558), and *Kinney* v. *Crow,* 186 *Ga.* 851 (199 S. E. 198)—and on their facts they are distinguishable from the instant case. The same may also be said of *Lloyd* v. *Milner Motor Co.,* 184 *Ga.* 181 (190 S. E. 641).

The trial judge, as against the ground urged, did not err in overruling the general demurrer of Commercial Credit Corporation to the petition.

*Judgment affirmed. All the Justices concur.*