20866. GORDY TIRE COMPANY *v.* DAYTON RUBBER COMPANY.

ARGUED APRIL 12, 1960—DECIDED MAY 5, 1960—
REHEARING DENIED MAY 18, 1960.

84

*Sutherland, Asbill & Brennan, C. Baxter Jones, Jr., Michael J. Egan,* for plaintiff in error.

*Arnall, Golden & Gregory, C. E. Gregory, Jr.,* contra.

MOBLEY, Justice. ■ It is a well-settled general rule that causes arising ex delicto cannot be set off against claims arising ex contractu, nor can claims arising ex contractu be set off against claims arising ex delicto, except upon equitable grounds. Code § 3-113; *Hecht* v. *Snook & Austin Furniture Co.,* 114 *Ga.* 921 (41 S. E. 74); *Strickland* v. *Bank of Cartersville,* 141 *Ga.* 565 (4b) (81 S. E. 886); *Standhardt* v. *Hardin,* 145 *Ga.* 147

(88 S. E. 565); *Brewer* v. *Williams*, 210 *Ga.* 341 (1) (80 S. E. 2d 190).

While at law a cause of action in tort cannot be used as a set-off in an action in contract, Code § 37-308 provides that, "if there shall be an intervening equity not reached by the law, or if the setoff shall be of an equitable nature, the courts of equity shall take jurisdiction to enforce the setoff." It is well settled by decisions of this court that nonresidence of the plaintiff is such an intervening equity. *Harrison* v. *Lovett*, 198 *Ga.* 466, 471 (3) (31 S. E. 2d 799), and cases cited therein.

There is no question as to the applicability of the foregoing rule if the nonresident is an individual not physically present in Georgia, or if the nonresident is a corporation which has not appointed an agent for service or which has not qualified to do business in this State. The issue here presented is whether the rule applies in this case since the nonresident corporation, Dayton Rubber Company, had appointed an agent for service and had an office and place of business in Georgia and was engaged in business in this State at the time it brought its petition.

This question is answered by this court in *Aetna Ins. Co.* v. *Lunsford*, 179 *Ga.* 716 (2) (177 S. E. 727), with one Justice dissenting. There, a nonresident insurance corporation brought an action ex contractu against an individual resident of Whitfield County. The defendant sought by way of cross-action to recover on a tort against the plaintiff solely on the ground of nonresidence of the plaintiff. Although the plaintiff was a nonresident corporation, it was doing business in Georgia and had appointed an agent for service in this State. Speaking for the court, Justice Bell said: "In the present case we are concerned only with the question of non-residence. In such a case the defendant is allowed to set off a dissimilar cause of action upon the theory that the hardship and inconvenience of being compelled to resort to a foreign court to enforce his demand against the plaintiff constitutes an equity in his favor such as will authorize a court of equity to entertain his claim as a cross-action in the plaintiff's suit. 24 R. C. L. 806, Sec. 14. The non-residence of the plaintiff is usually attended with this equitable incident; but to say that the right of setoff exists merely because

of the plaintiff's non-residence, stripped of all other considerations, would be to overlook the necessary equitable condition upon which the right may be asserted, whereas such condition, though usually concurring with the plaintiff's non-residence, may not exist therewith in all cases. Where an insurance company is doing business in this State and has complied with the law requiring the appointment of a resident agent upon whom service against the company may be perfected, a defendant in a suit by such company cannot suffer the hardship which might otherwise be laid upon him if he were compelled to resort to a foreign jurisdiction for the purpose of enforcing a cross-demand which he may have against the company, where his cause of action arose in any county of this State. Civil Code (1910), §§ 2446, 2563 [Code § 56-603 and Code (Ann.) § 56-601]. Under the facts of the present case the defendant could have brought an independent suit against the insurance company with the same convenience and facility as if the company were a resident of the State of Georgia, and the equity that might otherwise have existed in his favor cannot be claimed against the present plaintiff upon the ground of non-residence. See, in this connection, *Ingram* v. *Jordan*, 55 *Ga.* 356; *Livingston* v. *Marshall*, 82 *Ga.* 281 (4) (11 S. E. 542); Bates *v.* Reits, 157 Ky. 514 (163 S. W. 451)." And in *Ingram* v. *Jordan*, 55 *Ga.* 356, the court held that a tort could not be set off in an action on a note, "without some special equitable circumstance," and that "the mere fact the plaintiff in the action is a citizen of another State is not such a circumstance," and that "The mere fact that plaintiff is a citizen of another State is insufficient. He may reside here in a way to be sued or have property here accessible to legal process . . ."

We are of the opinion that the conclusion reached in *Aetna Ins. Co.* v. *Lunsford*, 179 *Ga.* 716, supra, is correct, and that the reasoning upon which it is based is sound. While Code § 37-308 provides that equity generally follows the law, but if there shall be an intervening equity not reached by the law, equity will take jurisdiction to enforce the setoff, there is no statute saying that nonresidence or insolvency is such an intervening equity. However, the courts have universally so held. Where a plain-

tiff who is insolvent sues a defendant on contract, and the defendant has a tort claim against the plaintiff, it is equitable and fair to allow the setoff, because it would be unjust and inequitable to let the plaintiff recover money from the defendant on contract and leave the defendant with a good claim in tort against an insolvent plaintiff. Likewise, it would be unfair, inequitable, and unjust to permit a nonresident to come into the courts of this State and sue a resident on contract and then require the defendant resident who has a tort claim against the plaintiff to go to the trouble, inconvenience, and expense of going out of the State to seek relief on his tort. However, where, as here, the nonresident plaintiff has an agent appointed for service in this State or has qualified to do business and is doing business in the State and can be sued here, the equitable reason underlying the rule does not exist, and there is no more reason under these circumstances for permitting the defendant to set off his tort action against the nonresident plaintiff's ex contractu action than there would be against that of a resident plaintiff.

But the plaintiff in error contends that, while this court is not bound by that decision, since it is not a full-bench decision, we are bound by the full-bench decision of *Commercial Credit Corp.* v. *Davis*, 207 *Ga.* 562 (1) and (2) (63 S. E. 2d 353), in which this court held: "Where a non-resident plaintiff brings an action ex contractu in a court of law, which has no authority to entertain an equitable defense, or make another a party to the suit, or to allow a setoff arising ex delicto, a court of equity, in the county where the suit is pending, may, on petition of the defendant in the pending suit, enjoin the action at law in order to allow such defendant to set up and have adjudicated in the equity case, as to the non-resident plaintiff, all matters incidental to such litigation.

"Where a suit was filed by a non-resident corporation against a defendant in a city court of his residence, upon a cause of action ex contractu, and such defendant filed an equitable petition in the superior court of the same county against the plaintiff in the pending suit, alleging a cause of action ex delicto and the necessity of making another corporation a party to the case, and praying that the suit in the city court be enjoined and

he be granted legal and equitable relief, and where the petition was served on the attorneys of record of the plaintiff in the pending suit, the trial court did not err in overruling the general demurrer of the plaintiff in the pending suit."

In the statement of the case, it is pointed out that the plaintiff Davis filed an equitable petition in Sumter Superior Court against Commercial Credit Corporation and Calvert Fire Insurance Company; that the petition alleged that both defendants were non-resident corporations of Georgia and were licensed to do business in Georgia and that Commercial Credit had an agent in Sumter County and that Calvert was doing business through an agent in Muscogee County; that the credit corporation had brought suit on a purchase-money note for an automobile against Davis in the City Court of Americus; that the credit company had damaged the plaintiff by conversion of the car for which the purchase-money note was given and which Calvert had insured; and that Commercial Credit and Calvert were conspiring to defraud him. He asked that the proceedings in the city court be enjoined, and that he be granted equitable relief, etc.

It is pointed out in *Commercial Credit Corp.* v. *Davis*, 207 *Ga.* 562, 564, supra, that "The sole contention urged by the plaintiff in error is that the facts alleged in the petition show that both defendants are non-residents of Sumter County, and, under the Constitution and laws of this State, the trial court was without jurisdiction to entertain the petition and grant affirmative equitable relief. It is contended that the allegations of the petition do not bring the case within the exception provided in Code § 3-202, under which a petition for injunction to stay pending procedings may be filed in the county where the proceedings are pending, though such county be not the residence of the defendant against whom relief is prayed, 'provided no relief is sought as to matters not included in such litigation.' It is insisted that the relief prayed by Davis in his equitable petition is as to matters not included in the city-court suit, and that the court should have sustained the general demurrer because it appears that all of the defendants are non-residents of Sumter County."

An examination of the record and the briefs confirms the cor-

rectness of that statement. This court in its ruling in *Commercial Credit Corp.* v. *Davis*, 207 *Ga.* 562, supra, at page 566, stated: "An examination of the facts alleged in the instant petition, which are set out in the statement, discloses that the rulings in *Harrison* v. *Lovett* [198 *Ga.* 466, 31 S. E. 2d 799] control the case at bar." However, in *Harrison* v. *Lovett*, 198 *Ga.* 466 (1), supra, the suit was filed by an individual, a resident of Florida, against a citizen of this State in a city court of the county of his residence; and the party sued filed an equitable petition in the superior court of the same county, alleging equitable defenses and praying that the city court be enjoined, and that he be granted equitable remedies, and the petition was served upon the attorney for the nonresident plaintiff. The question of a nonresident corporation's having an office and agent for service in this State was not involved in the *Harrison* case; nor was that question raised in the *Commercial Credit Corporation* case, and apparently was not considered by this court.

Although the facts in the *Commercial Credit* case as to nonresidence of the plaintiff corporation which had an agent and was doing business in this State, are identical with the facts here, yet no specific ruling was there invoked; nor did this court consider what effect a nonresident's having an agent for service and doing business in this State would have upon the issue, and it did not rule thereon. Accordingly, while that case is a physical precedent, it is not a binding precedent in this case. " 'Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.' " *Albany Federal Savings &c. Assn.* v. *Henderson*, 198 *Ga.* 116, 134 (31 S. E. 2d 20), quoting Webster *v.* Fall, 266 U. S. 507, 511 (45 S. Ct. 148, 69 L. Ed. 411). See also *Griffin* v. *Hardware Mut. Ins. Co.*, 212 *Ga.* 130, 131 (91 S. E. 2d 10).

■ Assuming multiplicity of suits or inadequacy of remedy is, as contended by Gordy, an equitable reason for joining an action ex delicto with one ex contractu (*Quitman Cooperage Co.* v. *Peoples First National Bank of Quitman*, 178 *Ga.* 90, 95, 172 S. E. 17; *Babb* v. *McKinnon*, 185 *Ga.* 663, 196 S. E. 488; *Pullen*

v. *General American Credits, Inc.*, 186 *Ga.* 642, 198 S. E. 747; *Chisen* v. *Sampeck*, 211 *Ga.* 382, 383, 86 S. E. 2d 210), neither exists here. The statute (Code § 3-113) and decisions of this court prohibiting the joining of an action ex delicto with one ex contractu require two suits where otherwise one would suffice. No more than that is required here. At the time Gordy brought this action to enjoin the suit on account in the civil court, all accounts then due had been sued upon. Counsel for Dayton in their brief state: ". . . there is no reason why more than one trial would be necessary to determine all of the claims asserted by the defendant in the civil court since actions on accounts maturing subsequent to the filing of the action may be consolidated."

We construe this as an agreement by Dayton that suits on the other accounts will be brought promptly in the Civil Court of Fulton County and that they may, with its consent, be consolidated for trial. Gordy may set up all its defenses, except its tort action, in this one proceeding. Its remedy is adequate, and there will be no multiplicity of suits—only what is required by Code § 3-113.

■ There was no intervening equity within the meaning of Code § 37-308 which would permit the joining in one suit of Gordy's action in tort with Dayton's on contract. Accordingly, the trial judge properly refused to enjoin the proceedings in the civil court and properly denied the temporary injunction.

*Judgment affirmed. All the Justices concur.*