24536. NEW ORLEANS & NORTHEASTERN RAILROAD COMPANY v. PIONEER PLASTICS CORPORATION.

*Greene, Buckley, DeRieux, Moore & Jones, Thomas B. Branch, III,* for appellant.

*Brackett, Lyle & Arnall, C. F. Brackett, Jr., H. P. Arnall,* for appellee.

Grice, Justice. This appeal stems from a complaint filed by the defendant in another suit against the plaintiff in that suit and an additional party. The complaint seeks to require both of them to assert their defenses and claims in the instant suit, and also to restrain the plaintiff in the other suit from prosecuting it.

The litigation began when New Orleans & Northeastern Railroad Company filed against Pioneer Plastics Corporation in the Civil and Criminal Court of DeKalb County an action for damages to its locomotive from a collision with Pioneer's truck. New Orleans asserted that the collision was caused by the negligence of Pioneer's agent. In that suit Pioneer denied that it was negligent and asserted that the collision was caused by specified acts of negligence of employees of Southern Railway Company, to whom New Orleans had leased the locomotive. Thereupon New Orleans demurred to the portions of Pioneer's answer as to Southern's negligence, upon the ground that such negligence was not imputable to New Orleans, and these demurrers were sustained.

Later, Pioneer filed this suit in the Superior Court of DeKalb County against both Southern and New Orleans. The complaint recited the collision and damage to Pioneer in a stated amount, and attached a copy of the above mentioned action by New Orleans against Pioneer in the Civil and Criminal Court of DeKalb County. It alleged that specified negligence of Southern's employees, who were operating the locomotive leased from New Orleans, was the proximate cause of Pioneer's damage. It further alleged that in order to properly defend the pending action, to assert Pioneer's claim against Southern, and to avoid a multiplicity of actions arising out of this single occurrence,

Pioneer sought to remove New Orleans' action from the Civil and Criminal Court of DeKalb County to the superior court of that county so that all parties could assert their respective claims and defenses in that one action, and the rights of all could be adjudicated in it rather than in a multiplicity of actions.

The complaint averred that service could be perfected upon New Orleans by serving named counsel, who were its attorneys of record in the pending suit in the Civil and Criminal Court of DeKalb County.

The prayers, in addition to rule nisi, were that Southern and New Orleans be required to assert their defenses and claims in this action so that the issues could be determined and adjudicated; that New Orleans be restrained from prosecuting the pending case in the Civil and Criminal Court of DeKalb County; that such case be removed from that court and be consolidated with this action; and that damages in a stated amount be recovered from Southern.

To this complaint, in addition to other defenses interposed by New Orleans and Southern, New Orleans filed a motion to dismiss for want of jurisdiction in that it is a Louisiana corporation not subject to service of process within this State, a motion to quash the return of service upon it in that it was improperly served with process, and also a motion to dismiss the complaint for failure to state a claim against it upon which relief could be granted.

The trial court in its order denied these motions, required Southern and New Orleans to assert in the superior court action their respective claims, defenses and counter claims arising out of the collision, and restrained New Orleans from proceeding with the case pending in the Civil and Criminal Court of DeKalb County until further order.

New Orleans appealed from that judgment. Southern did not.

As we view it, determination of whether the complaint should have been dismissed for not stating a claim upon which relief could be granted insofar as New Orleans is concerned makes it unnecessary to rule upon the other enumerations of error.

Resolving this issue requires consideration of a provision of our Code and a well established rule by this court.

In this connection, *Code Ann.* § 3-202 recites that "All petitions for equitable relief shall be filed in the county of the residence of one of the defendants against whom substantial relief is prayed, except in cases of injunctions to stay pending proceedings, when the petition may be filed in the county where the proceedings shall be pending, provided no relief is prayed as to matters not included in such litigation. . . ."

This section is embodied in the rule of such cases as *Moore, Marsh & Co. v. Medlock,* 101 Ga. 94 (28 SE 836), which holds that "A plaintiff who institutes a suit in a county other than the one in which he resides, for all the purposes of the defense of that suit, submits himself to the jurisdiction of the courts of the county in which the suit is pending; and if such suit is pending in a court of limited jurisdiction, which for want of power can not afford full relief, the defendant, by proper proceeding in the superior court of the county where the suit was instituted, may set up and have adjudicated as to the nonresident plaintiff all matters necessary for his complete defense." See also *Wachovia Bank & Trust Co. v. Jones,* 166 Ga. 747 (5) (144 SE 256); *Harrison v. Lovett,* 198 Ga. 466, 469-470 (31 SE2d 799).

Whether Pioneer can avail itself of the above rule is decisive of this appeal.

We have concluded that it cannot.

The situation here is not one where, because of the limited jurisdiction of a court, a defendant in a case pending there cannot assert a full defense to that suit, and therefore may invoke the powers of a court of general jurisdiction.

The complaint filed in the superior court by Pioneer does not allege that the civil and criminal court lacks jurisdiction to afford complete relief to Pioneer in asserting any claim it may have against New Orleans. Also, Pioneer's complaint does not assert that it has any equitable defense to the civil and criminal court suit against it by New Orleans.

Rather, in Pioneer's complaint the only equitable relief sought is that injunction issue against New Orleans' further prosecution of its civil and criminal court suit against Pioneer, and that New Orleans' civil and criminal court suit be removed and consolidated with Pioneer's in the superior court.

In addition to this relief, Pioneer also sought to prosecute in its superior court suit a damage claim against Southern, arising out of the same transaction, and to require New Orleans and Southern, as defendants, to assert their respective claims, if any, in that suit.

Furthermore, under the facts here, there was no showing made to authorize the relief upon the ground of avoiding a multiplicity of suits, because all parties could obtain full determination of their rights in pending or future litigation. See in this connection, *Gordy Tire Co. v. Dayton Rubber Co.*, 216 Ga. 83, 89-90 (114 SE2d 529).

A different result is not to be had because of the Civil Practice Act of 1966. Ga. L. 1966, p. 609. Section 20 provides for permissive joinder of parties "as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction . . . and if any question of law or fact common to all of them will arise in the action." *Code Ann.* § 81A-120 (a). Section 42 provides for consolidation of actions involving a common question of law or fact only if the parties consent, which was not present here.

In view of the foregoing, we deem that it was erroneous to deny New Orleans' motion to dismiss the complaint, and therefore it was error to enjoin New Orleans from prosecuting its suit in the Civil and Criminal Court of DeKalb County, and to require the parties to assert in the superior court of that county their respective claims, defenses and counter claims arising out of this collision.

*Judgment reversed. All the Justices concur.*