46349.   JORDAN v. BURGER KING CORPORATION.

EBERHARDT, Judge. 1. "All charges, allegations, and averments contained in regular pleadings filed in a court of competent jurisdiction, which are pertinent and material to the relief sought, whether legally sufficient to obtain it or not, are privileged. However false and malicious, they are not libelous." *Code* § 105-711. Accord: *Wilson v. Sullivan,* 81 Ga. 238 .(7 SE 274); *Gibbs v. Bank of Tifton,* 21 Ga. App. 653 (94 SE 827); *Bennett v. Bellinger,* 40 Ga. App. 557 (150 SE 566). Cf. *Francis v. Wood,* 75 Ga. 648; *Conley v. Key,* 98 Ga. 115 (25 SE 914); *Hendrix v. Daughtry,* 3 Ga. App. 481 (60 SE 206); *Buschbaum v. Heriot,* 5 Ga. App. 521 (63 SE 645); *Bibb v. Crawford,* 6 Ga. App. 145 (64 SE 488).

2. In an action for malicious prosecution against a defendant who caused plaintiff to be arrested for criminal trespass, the following defensive allegations are pertinent and material to defendant's defense:

"Plaintiff's arrest was not effectuated falsely, maliciously or

without probable cause. On the contrary, defendants had reasonable and just cause for believing plaintiff guilty of the crime of criminal trespass, and in procuring the arrest of plaintiff, defendants were not actuated by malice, but merely by the purpose and intent of lawfully punishing a wrongdoer.

"That for a long period of time prior to plaintiff's arrest, namely since July, 1964, defendant, Burger King Corporation, had been plagued by trouble at its store located at 2031 Sylvan Road, S. W., Atlanta, Georgia. That the defendant, Burger King Corporation's, said store has been troubled since July, 1964, with a large number of rough and rowdy teenagers and others gathering at said store, generally loitering around, parking their automobiles in the parking lot of defendant, Burger King Corporation, for long periods of time, drinking beer and littering the parking lot with empty beer cans, 'pushing' or selling dope or drugs, using loud and abusive language and, in general, causing defendant, Burger King Corporation's, store to become a gathering place for the 'rough element' of the neighboring area; thereby damaging defendant, Burger King Corporation's, business at said location and discouraging law-abiding and respectable citizens in their use of defendant, Burger King Corporation's, facilities as well as endangering the employees and agents of defendant, Burger King Corporation.

"Defendant, Burger King Corporation, through its managers at said store and through other agents, had tried to stop the 'hard core' of the rough element from frequenting its place of business, repeatedly requesting the members of this hard core group to stay off its premises, all to no avail. That defendant, Burger King Corporation's, store manager, Richard M. Glazer, contacted Atlanta police officer, H. E. Williams, to ask him how the defendant, Burger King Corporation, might legally keep the hard core element off its premises and said police officer informed said defendant, Burger King Corporation's, agent, Richard M. Glazer, to take the names, addresses, and tag numbers of the hard core element and inform each 'member' that their business was not wanted, that they were not to return to defendant, Burger King Corporation's, premises and that if they did, they would be arrested and prosecuted for criminal tres-

pass. That defendant, Burger King Corporation, following the recommendation of Officer H. E. Williams, did, on two separate occasions in April, 1970, prior to the arrest of plaintiff, take down the names, addresses and automobile tags numbers of the members of this hard core element and informed each of the said persons present at each said occasion that their business was not wanted, that they were not to return to the defendant, Burger King Corporation's premises and, that if they did return, they would be arrested and prosecuted for criminal trespass. That plaintiff was one of the members of the hard core element warned by defendants; that plaintiff, with full knowledge that his entry upon defendant, Burger King Corporation's, premises was forbidden, did, knowingly and wilfully enter upon defendant, Burger King Corporation's, premises, whereupon he was justifiably arrested by City of Atlanta Police Officer H. E. Williams."

3. Accordingly, in an action for libel grounded upon the foregoing allegations contained in defendant's answer to plaintiff's pending suit for malicious prosecution, the court did not err in dismissing the complaint for libel for failure to state a claim upon which relief could be granted.

*Judgment affirmed. Hall, P. J., and Quillian, J., concur. Whitman, J., not participating.*

ARGUED JUNE 30, 1971—DECIDED OCTOBER 21, 1971.

*James E. Hardy,* for appellant.

*Morris, Etheridge, Redfern & Butler, John Wm. Brent,* for appellee.