27102.  FARMERS' CO-OPERATIVE INSURANCE
COMPANY v. HICKS et al.

SUBMITTED MARCH 15, 1972—DECIDED MAY 3, 1972.

*Rogers, Magruder & Hoyt, J. Clinton Sumner, Jr.,* for appellant.

*Lipshutz, Macey, Zusmann & Sikes, Charles C. Pritchard, Robert Edward Surles, F. H. Boney, Matthews, Walton, Smith, Shaw & Maddox, James D. Maddox,* for appellees.

MOBLEY, Chief Justice. Farmers' Co-operative Insurance Company appeals from a judgment of January 11, 1972, denying its motion to set aside a judgment of January 11, 1971, and from the judgment of January 11, 1971, dismissing its joint complaint with American Indemnity Company. Certificate for immediate review was filed.

The two insurance companies brought an action in the nature of interpleader against three defendants, Mrs. Stella Willingham, Jimmy Junior Willingham, and Robert E. Hicks, as trustee in bankruptcy for Manufactured Homes Corporation. It was alleged that a fire occurred at a described home on a stated date; that Farmers' Co-operative had issued a policy of fire insurance to Mrs. Willingham as alleged owner of this house; that American Indemnity had issued a policy of fire insurance to Jimmy Willingham as the alleged owner of the same house; and that Robert Hicks, as trustee, claims title to the house. It was prayed that the defendants be enjoined from instituting actions for recovery under the policies; that the court require them to

interplead and settle among themselves their right of title to the house; that the court determine which of the defendants had an insurable interest in the house at the time of the fire; and that the court adjudge that none of the defendants is entitled to recover any amount from the plaintiffs under either of the policies.

Each of the defendants filed answers and counterclaims.

By amendment the plaintiffs alleged that Mrs. Willingham had filed suit against Farmers' Co-operative, and Jimmy Willingham had filed suit against American Indemnity. It was prayed that they be enjoined from proceeding with these actions. Interlocutory injunction was denied.

On January 11, 1971, the trial judge entered a judgment dismissing the complaint on the ground that it did not state a claim under which relief could be granted. This judgment was appealed by the plaintiffs to this court. No certificate for immediate review was filed, and the appeal was dismissed as premature because the counterclaims of the Willinghams were still pending, and no final judgment had been entered. *Farmers Co-op. Ins. Co. v. Hicks*, 227 Ga. 755 (182 SE2d 895).

On January 11, 1972, the trial judge entered an order denying a motion to set aside the judgment of January 11, 1971. This motion was predicated on the contention that an integral part of the 1971 judgment complained of was the recital that the case of Jimmy Willingham v. American Indemnity in the State Court of Chattooga County had been terminated by jury verdict for Willingham, and that this case has been reversed by the Court of Appeals. The Court of Appeals held that the defense of abatement should have been sustained because of the counterclaim pending in the interpleader case.

The record shows that at the time of the judgment of January 11, 1971, Robert E. Hicks, as trustee, had been eliminated from the case by summary judgment entered in the cross claim of Mrs. Stella Willingham against him, in which judgment the documents under which he claimed title to the property involved in the present case were

declared void and ordered canceled. Hicks has canceled the deeds in compliance with this judgment.

Mrs. Stella Willingham has dismissed her counterclaim against Farmers' Co-operative.

At the time the judgment of January 11, 1971, was entered, the appellant, Farmers' Co-operative, had no need for interpleader, declaratory judgment, or injunction. The only policy under which the appellant had any liability was that issued to Mrs. Stella Willingham. The appellant does not hold any funds to which more than one person is making a claim, and is under no risk of double liability if it does not maintain the action for the purpose of obtaining declaratory judgment.

The only issue made in the complaint, as between the appellant and Mrs. Willingham, was whether she had an insurable interest in the property which the appellant insured. Mrs. Willingham filed an action to collect under her policy, and interlocutory injunction restraining her from proceeding with this action was denied. The appellant alleged no facts to show that the issue concerning Mrs. Willingham's insurable interest cannot be adjudicated as well in her action against the appellant as in the interpleader action. No claim is stated for interpleader or injunction. Compare: *New Orleans & N. R. Co. v. Pioneer Plastics Corp.,* 224 Ga. 228 (161 SE2d 294).

The trial judge properly dismissed the complaint on January 11, 1971. His recital in that judgment that the case of Jimmy Willingham against American Indemnity Company had proceeded to judgment was not essential to the ruling made, and the reversal of the judgment in Jimmy Willingham's case by the Court of Appeals would not authorize a reconsideration of the judgment dismissing the interpleader complaint.

*Judgment affirmed. All the Justices concur.*