## 49935. EUROPA HAIR, INC. v. BROWNING et al.

MARSHALL, Judge.

Appellant, Europa, appeals the denial of its motion to dismiss Browning's complaint, which Europa contends does not state a claim upon which relief can be granted and does not state proper venue and over which the lower court has no jurisdiction.

Europa brought an action on open account against Browning et al., in the State Court of DeKalb County for merchandise sold to Browning by Europa. Simultaneously, Europa filed a summons of garnishment on Browning's bank. Browning answered denying an indebtedness and counterclaimed for Europa's malicious use of garnishment, and for breach of contract. Both parties engaged in discovery activities until Browning brought the present action in the Superior Court of DeKalb County alleging: "4. This act of Defendant of serving written notice [summons of garnishment] on the Plaintiffs' bank, falsely showing that all of Plaintiffs' funds were to be tied up in litigation constituted libel against Plaintiffs in that it held Plaintiffs up to public scorn and ridicule. 5. The further publishing of this information subjected Plaintiffs to further public ridicule in that Plaintiffs' credit rating was drastically lowered by the commercial credit rating firm of Dunn and Bradstreet. Wherefore Plaintiffs demand judgment in the amount of one hundred thousand dollars plus punitive damages of one million dollars." Europa filed an answer and a written motion to dismiss for the reasons that: (1) there was improper venue, defendant Europa being a nonresident corporation without an agent for service of process in that

county, (2) the court lacked jurisdiction because Europa has not been served with process, service having been made on Europa's attorney, and (3) Browning's complaint failed to state a cause of action upon which relief could be granted. Browning then moved for the superior court to remove Europa's action from the state court to the superior court because one of Browning's counterclaims in the state court action "was for libel, for which jurisdiction is reserved to the Superior Court in DeKalb County," and because the removal would "enable the litigants to settle at one time all claims arising out of the same transaction." The trial court ordered that the proceedings in the state court be restrained and consolidated with this action, that Europa be restrained from any further acts of discovery in that case and that Europa's motion to dismiss be overruled. From these orders, Europa appeals on certificate of immediate review. *Held:*

1. Under the Civil Practice Act, a complaint is required to "contain facts upon which the court's venue depends . . ." CPA § 8 (Code Ann. § 81A-108). Browning's complaint states: "The Defendant herein, Europa Hair, Inc., a foreign corporation having come into the State of Georgia and filed a civil action number C-29626 against the Plaintiffs in the State Court of DeKalb County, which action is still pending, and this action in Superior Court being between the same parties and stemming from the acts of Defendant in the above-mentioned civil action C-29626, is within the jurisdiction of this Court, and service can be made upon Counsel for the Defendant, E. T. Nance Jr., who resides at . . ." It is apparent by this statement that Browning is not seeking to establish venue under Art. VI, Sec. XIV, Par. VI (Code Ann. § 2-4906) and Ga. L. 1968, pp. 565, 584 (Code Ann. § 22-404) because it does not allege that Europa is authorized to transact business or has a registered or principal office in DeKalb County. It is also apparent by this allegation that Browning does not rely upon the venue provision of the Long Arm Statute, Ga. L. 1966, pp. 343, 344; 1968, p. 1419; 1970, pp. 443, 445 (Code Ann. § 24-116) and Ga. L. 1968, pp. 1419, 1420 (Code Ann. § 24-117) because there is no allegation of Europa's transacting business within the state.

Instead Browning seeks to establish venue based on the oft-stated rule that "A plaintiff who institutes a suit in a county other than the one in which he resides, for all the purposes of the defense of that suit, submits himself to the jurisdiction of the courts of the county in which the suit is pending; and if such suit is pending in a court of limited jurisdiction, which for want of power can not afford full relief, the defendant, by proper proceeding in the superior court of the county where the suit was instituted, may set up and have adjudicated as to the nonresident plaintiff all matters necessary for his complete defense." *New Orleans &c. R. Co. v. Pioneer &c. Corp.,* 224 Ga. 228, 231 (161 SE2d 294); *Commercial Credit Corp. v. Davis,* 207 Ga. 562 (1) (63 SE2d 353); *Wachovia Bank & Trust Co. v. Jones,* 166 Ga. 747 (5) (144 SE 256); *Gordy v. Levison & Co.,* 157 Ga. 670 (122 SE 234); *Home Mixture Guano Co. v. Woolfolk,* 148 Ga. 567 (97 SE 637). This rule is founded on Code Ann. § 3-202 which states: "Equitable proceedings.—All petitions for equitable relief shall be filed in the county of the residence of one of the defendants against whom substantial relief is prayed, except in cases of injunctions to stay pending proceedings, when the petition may be filed in the county where the proceedings shall be pending, provided no relief is prayed as to matters not included in such litigation."

In the present case, Browning brought his action in the Superior Court of DeKalb County for libel, which is a tort action outside the jurisdiction of the State Court of DeKalb County under Ga. L. 1962, p. 3227. Europa contends that since an action for libel is not an equitable proceeding venue cannot be grounded upon the above-stated rule. Whether or not the rule requires the suit to be for equitable relief, Browning here does seek equitable relief because his libel complaint necessarily involves the right of equitable set-off. In the case of *Harrison v. Lovett,* 198 Ga. 466 (31 SE2d 799), under facts wherein the defendant in a city court, brought an action for damages against the plaintiff therein in the superior court for "prematurely foreclosing," for forcing expenses of litigation, for "suing out said garnishment . . . and tying up petitioner's available funds," and for conversion, the Supreme Court said, " 'Damages arising ex delicto can not

be set off against a cause of action arising ex contractu, but a defendant sued at law upon a cause of action arising ex contractu may, in equity, set off damages arising ex delicto, when the plaintiff is insolvent or a nonresident. And if the plaintiff's suit is pending in a city court, the defendant, in order to avail himself of such right of equitable set-off, may apply to the superior court as a court of equity, to enjoin the common-law proceeding in the city court and take jurisdiction of the entire controversy between the parties and make a decree doing complete justice between them.' [Cits.]" This right was also recognized in *Commercial Credit Corp. v. Davis,* 207 Ga. 562, supra; where the court added, ". . .and this is so though the defense is based upon a right purely legal," p. 565, such as the libel action in the present case. See also *Autry v. Palmour,* 124 Ga. App. 407 (1) (184 SE2d 15).

Europa, the plaintiff in the pending state court case, is a nonresident, and its action arises ex contractu, so the above-stated rule applies making Browning's action an equitable one. And the relief prayed (damages for libel) may reasonably be said to be included in the pending action (suit on account and garnishment) since the garnishment allegedly constituted the libel. Thus, venue is established under the exception of Code Ann. § 3-202, and is proper. *New Orleans &c. R. Co. v. Pioneer &c. Corp.,* 224 Ga. 228, supra, is distinguishable on the grounds that it does not involve equitable set-off and it does not involve claims for injuries, permitting the civil and criminal court there to have jurisdiction over all claims.

2. The Superior Court of DeKalb County has jurisdiction over the subject matter under the Constitution, Art. VI, Sec. IV, Par. I (Code Ann. § 2-3901) and over the person as shown above. Therefore, service of process upon Europa's attorney was proper under CPA § 5 (Code Ann. § 81A-105 (b)).

3. Nevertheless, Browning's complaint, in its present state, does not state a claim upon which relief can be granted, even under the notion of "notice pleading." CPA § 8 (Code Ann. § 81A-108(a)). The complaint clearly states an action for libel (Code § 105-701) and not one for abuse of legal process. Even though Europa has not specifically pled the defense of privilege (Code § 105-711)

it is not a defense that must be affirmatively pled under CPA § 8 (Code Ann. § 81A-108 (c)) nor specifically pled under CPA § 9 (Code Ann. § 81A-109) and is sufficiently raised by its motion to dismiss under CPA § 12 (Code Ann. § 81A-112 (b)).

"A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim . . . 2A Moore, Federal Practice § 8.13, p. 1706." *Bourn v. Herring,* 225 Ga. 67, 70 (166 SE2d 89). Regardless of Browning's proof, it cannot recover against Europa for libel because Europa's garnishment action is protected by the statutory privilege found in Code § 105-711: "All charges, allegations and averments contained in regular pleadings filed in a court of competent jurisdiction, which are pertinent and material to the relief sought, whether legally sufficient to obtain it or not, are privileged. However false and malicious, they are not libelous." Insofar as the question of applicability of this Code section, we see no distinction between the answer of the defendant in *Jordan v. Burger King Corp.,* 124 Ga. App. 652 (185 SE2d 577) and the summons of garnishment in the present case.

4. The record does not indicate, nor does the trial court's order state the reasons for restraining Europa from deposing one of Browning's witnesses. In the absence of a showing of a need to protect the witness "from annoyance, embarrassment or oppression" (Ga. L. 1966, pp. 609, 635; 1967, pp. 226, 233; 1972, p. 510; Code Ann. § 81A-126 (c)) we find the trial judge to have abused his discretion in so restricting a broad use of discovery. See, *International Serv. Ins. Co. v. Bowen,* 130 Ga. App. 140 (202 SE2d 540).

*Judgment affirmed in part and reversed in part. Deen, P. J., and Stolz, J., concur.*

Argued November 7, 1974 — Decided January 7, 1975 — Rehearing denied January 22, 1975 — 

*E. T. Nance, Jr.,* for appellant.

*Joseph J. Anthony, Wayne F. Browning, Jr.,* for appellees.

ON MOTION FOR REHEARING.

Europa's motion for rehearing requests a clarification of our decision, in that its original action in the State Court of DeKalb County (Civil Action No. C-29626) had been ordered consolidated with Browning's action in the Superior Court of DeKalb County (Civil Action No. 76840). Our reversal is based on the trial court's error in failing to dismiss Browning's complaint under CPA § 12 (b) (Code Ann. § 81A-112 (b)). Nevertheless, Browning does have a right to amend his complaint so as to state a claim for relief, *Hatcher v. Moree,* 133 Ga. App. 14 (3) (209 SE2d 708), and the superior court should allow Browning a reasonable time to do so. If the complaint is so amended, the superior court should proceed with the pleadings and trial of both the former Civil Action No. C-29626 of the State Court of DeKalb County and the present Civil Action No. 76840 of the superior court which actions the superior court consolidated. If Browning does not amend, as specified by the superior court, then the superior court should proceed with the pleadings and trial of the former Civil Action No. C-29626 of the State Court of DeKalb County.

*Motion for rehearing denied.*