54392. FLAGSHIP BUILDERS, INC. et al. v. SENTINEL STAR COMPANY.

BIRDSONG, Judge.

The appellants, Flagship Builders, Inc., and its owners, Mr. and Mrs. Jones, bring this appeal from the trial court's denial of their motion to transfer the case from the State Court of DeKalb County to the superior court of that county, and the granting of appellee Sentinel Star Company's motion to dismiss and strike appellants' counterclaim as well as the trial court's grant of judgment on the pleadings for Sentinel Star. These rulings and the judgment on the pleadings constitute the sole enu-. meration of error.

The facts show that Sentinel Star Co. brought an action in Florida against the appellants ex contractu on an open account for past due indebtedness based upon advertising services performed by Sentinel Star on behalf of appellants. A Florida judgment was rendered against appellants. Thereafter, Sentinel Star filed the present suit in the State Court of DeKalb County upon the foreign judgment. Appellant admitted jurisdiction and filed an

answer, counterclaim and set off to the suit on the foreign judgment. In substance, the answer sought to establish an ex delicto counterclaim and setoff based upon allegedly defamatory acts occurring after the judgment in Florida and further sought to establish a defense to the foreign judgment by showing a breach of the advertising services contract in that the advertising was deficient, the identical defense offered in the Florida court. Although appellants apparently have never filed a cause of action in the Superior Court of DeKalb County, they sought to have the state court transfer the cause of action to the superior court to hear the ex delicto portion of their answer with a concurrent consolidation of the other portions of the answer being transferred to that court. *Held:*

1. That portion of appellants' counterclaim dealing with defamation is an action ex delicto, and, sounding in tort, lies outside the jurisdiction of the State Court of DeKalb County. Ga. L. 1962, p. 3227; *Europa Hair, Inc. v. Browning,* 133 Ga. App. 753, 755 (212 SE2d 862) (1975). Thus it was proper for the trial court to dismiss that portion of the appellants' counterclaim and set off. Furthermore, in the absence of a pending action in the superior court or appropriate statutory authority to transfer a pending case, the trial court lacked power to transfer this case to another court. It would be an anomaly to hold that one court could create a cause of action in another court simply by transferring the cause of action to the second court. It is true that had a cause of action been filed in the superior court on the defamation issue, the superior court, in appropriate circumstances, could have restrained further litigation in the state court and consolidated all lawful issues in the superior court. *Harrison v. Lovett,* 198 Ga. 466 (31 SE2d 799) (1944). See also *Commercial Credit Corp. v. Davis,* 207 Ga. 562 (63 SE2d 353) (1951); *Autry v. Palmour,* 124 Ga. App. 407 (1) (184 SE2d 15) (1971). That was not the situation in the case at bar. It follows the trial court did not err in refusing to perform a useless or nugatory act by attempting to transfer the cause of action to the superior court.

2. As to the remainder of the answer filed by the appellants, it is hornbook law that lawfully obtained judgments of the court of one state, when sued on or

pleaded or introduced in evidence in another state are entitled to receive the same full faith, credit and respect that they are accorded in the state where rendered. United States Constitution, Art. IV, Sec. I (Code Ann. § 1-401); *Green Acres Discount, Inc. v. Freid & Appell,* 135 Ga. App. 816, 817 (219 SE2d 39) (1975). A judgment rendered by the court of another state is conclusive on the merits of the courts of this state when made the basis of an action and the merits cannot be reinvestigated. *Sharman v. Morton,* 31 Ga. 34 (1860); *Bailey v. Louisville & N. R. Co.,* 117 Ga. App. 185, 190 (160 SE2d 245) (1968). Appellants were represented in the Florida action by an attorney. They do not deny the fact of judgment nor allege that the Florida judgment was obtained through mistake or fraud. The foreign judgment being conclusive as to all matters which were decided or could have been heard at the time of the obtaining of the foreign judgment (*Tarver v. Jordan,* 225 Ga. 749, 750 (171 SE2d 514) (1969)), the trial court did not err in dismissing the remainder of the counterclaim and set off and granting appellee judgment on the pleadings.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED SEPTEMBER 7, 1977 — DECIDED OCTOBER 21, 1977.

*E. Graydon Shuford,* for appellants.
*Zusmann, Sikes, Pritchard & Cohen, H. William Cohen, Charles E. Lamkin,* for appellee.