**60544. LESTER v. GOODYEAR TIRE & RUBBER COMPANY.**

DEEN, Chief Judge.

The appellant filed a petition in the Superior Court of DeKalb County praying for removal to that court of an action filed in the State Court of DeKalb County which sought recovery on an alleged contract debt of $122.73, appellant's contention being that he had filed a compulsory counterclaim seeking damages for defamation which "degraded defendant's credit standing in the community" by means of libelous statements to a Credit Bureau, and that the state court did not have jurisdiction of this affirmative defense. The petition was dismissed in the Superior Court of DeKalb County and Lester appeals.

1. A counterclaim, even if arising out of the transaction forming the basis of the opposing party's claim, is not compulsory if it is not within the jurisdiction of the court. Code § 81A-113 (a) (3). Injuries to the reputation are not within the jurisdiction of the State Court of DeKalb County. Cf. *Ben. L. O'Callaghan Co. v. Bond Supply Co.,* 138 Ga. App. 186 (2) (225 SE2d 774) (1976). Therefore, it need not be urged and could not be urged in the state court suit.

2. Where an affirmative defense to an action is beyond the jurisdiction of the city or county court in which it was filed, and the plaintiff in that court is a nonresident or insolvent so that failure to adjudicate a counterclaim urged by the original defendant along with the main case could result in an unfair advantage (rendition of two judgments, one of which would be collectible and one not) the superior court may exercise its equitable powers by enjoining the suit originally filed and taking cognizance of the entire controversy in a single action. Code § 37-308; *Harrison v. Lovett,* 198 Ga. 466, 471 (3) (31 SE2d 799) (1944). But its authority to do so exists only by reason of its equity powers, and where these cannot properly be invoked no such right exists. Where, however, neither nonresidence nor insolvency of the original plaintiff is urged, and there is no showing either that such plaintiff corporation is a nonresident or, if so, that it has no agent for service within the state, no case has been made out for the exercise of equity jurisdiction. *Gordy Tire Co. v. Dayton Rubber Co.,* 216 Ga. 83, 87 (114 SE2d 529) (1960), disapproving, insofar as it conflicts with this rule of law, the holding in *Commercial*

*Credit Corp. v. Davis,* 207 Ga. 562 (1) (63 SE2d 353) (1951).

Since the superior court of the county in which the state court action was filed would have authority to enjoin the prior suit only in the exercise of its equity jurisdiction, and since the allegations of the petition for removal fail to trigger such jurisdiction, the superior court petition was properly dismissed.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

ARGUED SEPTEMBER 9, 1980 — DECIDED OCTOBER 21, 1980.

Ronald Lester, *pro se.*

*D. Merrill Adams, M. Alvin Levy,* for appellee.