23934.   POWELL *v.* E. TRIS NAPIER COMPANY.

STEPHENS, J.   1. One of the legal and legitimate purposes of a bail process in trover is to recover the property or its value, or, where the property has been sold by the plaintiff and title retained for security of the debt, recover the balance due on the debt, or, where the property is not forthcoming, to arrest the defendant and incarcerate him in jail. *Robinson* v. *Commercial Credit Co.*, 37 *Ga. App.* 291 (139 S. E. 915). It is not a malicious abuse of bail process in trover that it was instituted and sued out for a purpose for which it was not lawfully and legitimately intended, where it was not put to such unlawful and unintended use. Thus, where it is alleged that bail process was instituted in a trover suit and the defendant therein was arrested and incarcerated in jail, that this was done wilfully and maliciously for the purpose of collecting a debt from the defendant by forcing the defendant to give up to the plaintiff certain government checks payable to the defendant, and that the proceeds of the checks be applied to the payment of the indebtedness claimed, that the plaintiff knew that the defendant had no

income other than the government checks and that the amounts due upon the checks could not be reached by any process of law, but where it does not appear that the defendant actually gave up any of the checks, there appears no malicious abuse of process.

2. In a suit by the defendant against the plaintiff, the petition, under the above rulings, failed to set out a cause of action for a malicious abuse of process; and since it does not appear from the petition that the institution of the bail-trover process in the suit in trover had resulted favorably to the defendant therein, the petition failed to set out a cause of action for a malicious use of process.

3. The court properly sustained the general demurrer to the petition.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 12, 1935.

*E. C. Herring, J. D. Hughes,* for plaintiff.
*R. Douglas Feagin,* for defendant.