29547.   CARL *v.* HANSBURY.

DECIDED JUNE 27, 1942.   REHEARING DENIED JULY 25, 1942.

832

*Winfield Payne Jones, W. F. Brandt,* for plaintiff.
*J. Lon Duckworth,* for defendant.

GARDNER, J. (After stating the facts.) The petition is grounded on that principle known to the law as "malicious abuse of legal process." The only purpose of referring to the closely kindred principle of "malicious use of legal process" is that we may better determine the allegations of the petition to see whether they set out a cause of action for malicious abuse of process. The difference between the two is quite often difficult to distinguish. More difficult still is it to correctly apply a given state of facts to the one or the other. Judge Evans, speaking for the court in *King v. Yarbray,* 136 *Ga.* 212 (71 S. E. 131), said: "The differentiation between an action for malicious abuse of legal process and one for malicious use of legal process, however refined and technical, is recognized by the law." In *McElreath v. Gross,* 23 *Ga. App.* 287, 290 (98 S. E. 190) Judge Jenkins, writing the opinion for the court, said: "In making clear the rather fine but vital distinction which it is here sought to show, the statement in 19 Am. & Eng. Enc. Law (2d ed.), 632, quoted by the Supreme Court in *Brantley v. Rhodes-Haverty Furniture Co.* [131 *Ga.* 276, 62 S. E. 222], is helpful. 'The principal distinction between an action for malicious abuse of process and one for malicious prosecution is that while the former lies for an improper use of the process after it is issued, the latter is an action for malicious suing out of the process without probable cause.' See also *Porter v. Johnson,* 96 *Ga.* 145, 149 (23 S. E. 123) ; *Mullins v. Matthews,* 122 *Ga.* 286 (50 S. E. 101) ; *Clement v. Orr,* 4 *Ga. App.* 117 [60 S. E. 1017]." In 1 Cooley on Torts (3d ed.), 355, 356, Judge Cooley says: "Two elements are necessary to an action for the malicious abuse of legal process: first, the existence of an ulterior purpose; and second, an act in the use of the process not proper in the regular prosecution of the proceedings."

It may be said generally that malicious use of a legal process implies an ulterior motive in procuring the issuance of the writ; on the other hand, malicious abuse of a legal process involves an improper use of the writ after it is issued. We think the last statement above simplifies the two principles to an extent that we may better apply the allegations of the petition now under consideration. In view of the statement of Judge Cooley, supra, should we concede that the allegations of the petition as set forth in detail above are sufficient to sustain the first element of the prin-

ciple of abuse of a legal process, namely, that there was an ulterior motive, we must then determine whether the allegations show an improper use of the writ under the distress-warrant proceeding after its issuance. So far as the allegations before us are concerned, the fact that there is an ulterior motive alleged, is but an inducement to the second contention as to whether the process was abused after it was issued. The petition alleges that after the expiration of the first lease beginning November 1, 1931, from February 1, 1935, and to February 1, 1939, when the notice was given, and for sixty days after the notice, plaintiff held the premises as a tenant at will. The petition shows that almost immediately on giving the notice to terminate the alleged tenancy at will the defendant notified the plaintiff in writing that, "If he undertook to vacate the said premises he would be held liable for rent on the premises for an alleged full term of rent for five years from the date of the last improvements thereon, which was March 1, 1936." While it is true that a lease for more than twelve months is within the statute of frauds, a parol contract for rent may be taken out of the statute by part performance. We think it is a reasonable inference from the allegations of the petition itself, construing them most strongly against the pleader, that the defendant was claiming, before the distress warrant was sued out, a tenancy for a term of years, based on performance or part performance by installing improvements. *Marshall* v. *Hicks*, 159 *Ga.* 871 (2) (127 S. E. 273) : "A parol contract for the rent of lands for a period of five years is invalid, and will not have the effect of creating a tenancy for longer than one year (Civil Code 1910, § 3693), in the absence of such part performance of the contract as will take it out of the statute of frauds, as provided in the Civil Code [1910], § 3223 (3)."

Let us inquire from the allegations of the petition just what happened after the writ was issued. It was levied on March 27, 1939, on the stock of goods of plaintiff. Before the levy, it was alleged that plaintiff's attorney sent a written notice to the sheriff as quoted above. The petition does not allege that the goods were misused in any way or that they would not be handed over on the giving of a replevy bond, or that any damage at all was involved by the manner in which the levy was made or the goods handled after the levy. To state it differently, there was nothing done under this levy

that is not ordinarily done under a process of this kind. The writ was not abused for any purpose other than that contemplated by the law in so far as goods which were levied on were concerned. There was no attempt in the use of the writ to get any amount of money or any sort of thing other than the alleged amount of the distress warrant for rent. We are not unmindful of the general allegations of the petition that the writ was abused for the purpose of forcing the plaintiff to continue the relation of the tenancy at will, or to force him to pay a large sum for the privilege of vacating the premises which plaintiff had a right to do, but under the petition as a whole as construed we think these are mere conclusions which are negatived by the allegations of the petition. This is particularly true when we apply the allegations to the requirements of the law under the principle of "the malicious abuse of legal process." In this connection it is very interesting to note the argument of able counsel for plaintiff in his reply brief: "It is true that if it had been averred in the plaintiff's petition that he had, upon notice of the termination of the tenancy at will, 'notified defendant that his lease for five years had been automatically extended from March 1, 1936 to March 1, 1941,' as erroneously stated by defendant's counsel in his brief, page 1 (although how a lease for five years could be automatically extended upon the expiration of a tenancy at will is not explained), and if 'it had been further averred that plaintiff had then proceeded to remove his merchandise from said building, whereupon, defendant made affidavit and caused to be issued a distress warrant for rent in the amount of $4205, being the amount due to the end of the alleged renewed lease and being same upon the ground that plaintiff was removing his goods from the premises' &c., as erroneously alleged by defendant's counsel in his statement of facts in his brief (brief pp. 1, 2), the defendant would be well within the rule in asserting that, regardless of whether the plaintiff upon a favorable termination of the distress proceedings might or might not have had a suit for malicious use of process against the defendant, he had no action for malicious abuse of legal process. *Simpson* v. *Jones*, 182 *Ga.* 544 (2), 546 (186 S. E. 558). But such was not the case here since, in the light of the allegations of the petition, the defendant had no claim whatever, and illegally and maliciously resorted to distress proceedings not to collect any rent due but to attain an illegal object which the proceedings to which she resorted were not designed to attain."

It would seem to us, from the argument of plaintiff above, that it is agreed by him that the writ was not abused touching any subject-matter whatsoever other than the claim for rent. If plaintiff admits that the amount of the rent claim was due, there was no abuse of the writ out of the path in which the law intended the writ to operate. It was not perverted to a purpose other than that intended by the law, but such only, so far as the allegations of the petition go, as to bring to the fore the issue as to whether the rent was owing. It is contended that defendant knew she had no contract, for the reason that such a contract as was specified in her demand upon the plaintiff was required to be in writing. We have dealt with this phase hereinabove.

It is further suggested by counsel for plaintiff that since the rent paid on February 1, 1939, covered the rent for February and March of that year, there was no rent due on March 27, 1939, the date on which the distress warrant was levied. If we are correct in the inference that the allegations of the petition were sufficient to reasonably open up the theory that the defendant was claiming a lease for five years by reason of having made improvements in performance or part performance of a parol contract for rent, then and in that event the defendant was authorized to issue a distress warrant if the planitiff was removing his goods from the premises. Code § 61-401. As to whether or not, on the date the distress warrant was levied, the plaintiff was removing his goods from the premises, it seems that the petition reveals that he was doing so. In the notice of February 1 the plaintiff gave the defendant information that he would remove his goods from the premises on or about March 31. In the instructions to the sheriff by the attorney for defendant, set out above, it will appear that plaintiff was "moving across the street. . . You can move the stuff back in our building." Construing the allegations of the petition most strongly against the plaintiff, we think this case is controlled by *Simpson* v. *Jones,* 182 *Ga.* 544 (2), and cit. See *McElreath* v. *Gross,* supra; *Powell* v. *E. Tris Napier Co.,* 50 *Ga. App.* 560 (178 S. E. 761). The plaintiff cites authorities as follows: *Mullins* v. *Matthews,* 122 *Ga.* 286 (50 S. E. 101); *Atlantic Ice & Coal Co.* v. *Reeves,* 136 *Ga.* 294 (71 S. E. 421, 36 L. R. A. (N. S.) 1112); *City of Columbus* v. *Webster,* 51 *Ga. App.* 270, 272 (180 S. E. 512); *Juchter* v. *Boehm,* 67 *Ga.* 534, 538; *Davison-Paxon Co.* v.

*Walker,* 174 *Ga.* 532, 536 (163 S. E. 212) ; *Ellis* v. *Millen Hotel Co.,* 192 *Ga.* 66 (14 S. E. 2d, 565). By reading these cases it will be observed that their facts were different from those here involved. We find no conflict between the present holding and the rulings in the cases cited by plaintiff.

The court did not err in sustaining the general demurrers.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*