### 47110. MYERS v. CLARK et al.

CLARK, Judge. Plaintiff, a former tenant of defendant land- lord, sought recovery of actual and punitive damages for "malicious use and/or abuse of civil process" (quoting from the complaint). She alleges "wrongful dispossesion" from premises under a dispossessory affidavit and distraint of her possessions under a warrant alleging that she "was in fact $200 behind in her rent" when she was not in arrears of rent on the date defendant landlord had sworn out dispossessory and distress warrants. There is no allegation as to the result of these former suits, nor is there an averment that the distraint was "wrongful" or that the processes were used for an ulterior purpose or any improper act in the bringing of the previous actions but only an allegation that rent was not owed at that time. The trial court sustained a motion to dismiss for failure to state a claim upon which relief could be granted. The appeal is from this dismissal order. *Held:*

1. Appellant contends the complaint is sufficient under the Civil Practice Act of 1966. She states the defense urged below, namely a failure to plead favorable termination of the two suits which served as the basis for the instant action, is a matter of defense. We disagree. Even under our liberalized notice pleading[1] a motion to dismiss is

---

[1] Sometimes overlooked is the fact that our "Jack Jones Forms" created by Ga. L. of 1847, p. 490, not only antedated the presumed "Modern Notice Pleading," but were copied by England. See speech by Sylvanus Morris in 1922 Ga. Bar Assoc. Reports, p. 113, and "John A. Jones—The Father of Modern Reform Procedure" by Charlton M. Theus, 4 Ga. Bar Jour. 4:12.

properly sustained whenever the complaint fails to show a legal basis for recovery. *Poole v. City of Atlanta,* 117 Ga. App. 432 (160 SE2d 874); *Watkins v. Coastal States Life Ins. Co.,* 118 Ga. App. 145 (162 SE2d 788); *Ungar v. Mayor &c. of Savannah,* 224 Ga. 613 (163 SE2d 814); *Beckwith v. Peterson,* 227 Ga. 403 (181 SE2d 51).

2. If the complaint is intended to constitute an action for malicious use of process, then an essential element is successful termination of the previous litigation. *Ga. Veneer &c. Co. v. Florida Nat. Bank,* 198 Ga. 591, 609 (32 SE2d 465) and cases cited therein; *Marshall v. Armour Fertilizer Works,* 24 Ga. App. 402 (100 SE 766).

3. If the complaint is based upon malicious abuse of process, then it is not necessary to show that the previous litigation is ended. *King v. Yarbray,* 136 Ga. 212 (71 SE 131); *Collier v. Buice,* 36 Ga. App. 198 (2) (136 SE 287). But it is required of plaintiff who pleads some facts that are intended to show entitlement to relief to state enough to show that the alleged relief should be granted. The essential elements of an action for malicious abuse of process are stated in 1 Encyc. of Ga. Law, p. 120, to be "an ulterior purpose and an improper act in the use of the action." As is said in *Gaines v. Pirkle,* 58 Ga. App. 546 (2) (199 SE 317), "[T]he swearing out of a distress warrant can not be the basis of an action for malicious abuse of process unless it is alleged that the warrant was sworn out for a purpose other than that of collecting rent claimed to be due, or of accomplishing some purpose which the warrant was not intended to effect. [Citations]." See also *Dantley v. Burge,* 88 Ga. App. 478 (77 SE2d 107).

4. An original complaint must show the pleader is entitled to relief. *Code Ann.* § 81A-108. But where a complaint reveals a state of facts which affirmatively shows that there is no liability on the defendant, it is subject to dismissal. *Hodge v. Dixon,* 119 Ga. App. 397 (167 SE2d 377); 2A Moore's Federal Practice 2265, § 12.08. Here the complaint not only failed to allege that the dispossessory

proceedings terminated in her favor but even admits there was a removal from the premises by virtue thereof. As to an abuse of process she affirmatively shows the distress warrant was used to levy on and sell her property because the landlord swore she was behind in her rent. In other words, whether she owed the rent or not, the warrant appears to have been used for the purpose for which distress warrants are provided—to procure rent money from the sale of the tenant's possessions.

*Judgment affirmed. Eberhardt, P. J., and Deen, J., concur.*

SUBMITTED APRIL 6, 1972—DECIDED APRIL 25, 1972.

*William L. Skinner,* for appellant.

*Cochran, Camp & Snipes, Donald O. Nelson,* for appellees.