## 49572. HATCHER v. MOREE.

CLARK, Judge.

This appeal contends the trial court erred in two respects: First, in sustaining a defense motion to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted; second, in ruling the dismissal to be "with prejudice."

Plaintiff sought to recover damages from defendant because of defendant having sworn out two warrants charging appellant "with the criminal offense of writing bad checks." (R. 5). The complaint pleaded the details on which plaintiff sought damages. It recites that she was "told by the sheriff of Dougherty County that she would have to pay a $500 bond or settle up." (R. 6). She avers payment was made of the amounts of the two checks together with court costs because she was "in a state of emotional shock, and under great mental stress and duress because of the previously enumerated events." (R. 7).

Thereafter, according to the pleading, she consulted an attorney who upon requesting the case be set for trial was informed this could not be done "as the case was 'settled.' " (R. 7).

1. Plaintiff contends the trial court erred in dismissing the complaint because the elements necessary to establish a claim for either malicious arrest or malicious prosecution had been alleged. We disagree.

"Malicious prosecution differs from malicious arrest only in that in the former case there must be a carrying on of the prosecution." *Smith v. Embry,* 103 Ga. App. 375 (3) (119 SE2d 45). In either action, however, it is essential to show a termination of the prosecution in favor of the complaining party. *Hughes v. Ga. Power Co.,* 65 Ga. App. 163, 166 (15 SE2d 466); *Ellis v. Knowles,* 90 Ga. App. 40, 42 (81 SE2d 884); *Smith v. Embry,* supra.

Prior to the enactment in 1966 of our Civil Practice Act our court decided that a malicious prosecution petition alleging the criminal prosecution was settled was subject to demurrer because it failed to establish the requisite element of termination of the prosecution in favor of the accused. *Smith v. Otwell,* 51 Ga. App. 741 (1)

(181 SE 493). With this controlling precedent we must undertake to answer the question: In view of the liberal pleading policy embodied in our new rules of Civil Practice, do the allegations here render the complaint sufficient to escape a motion to dismiss for failure to state a claim upon which relief can be granted?

"A petition filed before the effective date of the Civil Practice Act (Ga. L. 1966, p. 609, as amended by Ga. L. 1967, p. 226; Code Ann. Title 81A) would be construed most strongly against the pleader when considered on general demurrer and in light of its omissions as well as its averments. [Cits.] If an inference unfavorable to the pleader could be fairly drawn from the facts alleged, that inference would prevail in determining the rights of the parties. [Cits.] The Civil Practice Act changed these rules. As the Act is substantially identical with the Federal Rules of Civil Procedure (28 U. S. C.), it is appropriate to resort to federal cases for its construction. *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 4 (126 SE2d 442). On a motion to dismiss, a complaint should be construed in the light most favorable to plaintiff with all doubts resolved in his favor. [Cit.] The plaintiff is entitled to the most favorable inferences that can reasonably be drawn from the complaint, even if contrary inferences are also possible. [Cit.] The motion to dismiss should not be granted unless the averments in the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of his claim. [Cit.] " *Harper v. DeFreitas,* 117 Ga. App. 236, 237 (160 SE2d 260); *Ghitter v. Edge,* 118 Ga. App. 750 (165 SE2d 598).

Thus, "the complaint, and other relief-claiming pleadings need not state with precision all elements that give rise to a legal basis for recovery as long as fair notice of the nature of the action is provided. However, the complaint must contain either direct allegations on every material point necessary to sustain a recovery on any legal theory, even though it may not be the theory suggested or intended by the pleader, or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." 5 Wright & Miller, Federal Practice and

Procedure: Civil § 1216, p. 120. Moreover, "When the claim alleged is a traditionally disfavored 'cause of action,' such as malicious prosecution, libel, and slander, the courts tend to construe the complaint by a somewhat stricter standard and are more inclined to grant a Rule 12 (b) (6) motion to dismiss." Id. § 1357, p. 610.

Our Georgia case law is in agreement with the foregoing authority. Thus, in *Myers v. Clark,* 126 Ga. App. 154, 155 (4) (190 SE2d 134) we stated that "An original complaint must show the pleader is entitled to relief. Code Ann. § 81A-108. But where a complaint reveals a state of facts which affirmatively shows that there is no liability on the defendant, it is subject to dismissal. *Hodge v. Dixon,* 119 Ga. App. 397 (167 SE2d 377); 2A Moore's Federal Practice 2265, § 12.08." Futhermore, our courts have recognized that civil suits based upon criminal proceedings are not favored. *Ventress v. Rosser,* 73 Ga. 534, 541; *Henderson v. Francis,* 75 Ga. 178, 181 (5); *South Georgia Grocery Co. v. Banks,* 52 Ga. App. 1, 8 (182 SE 61).

Applying the foregoing principles to the case at bar, we find that the complaint fails to allege directly, or to raise a fair inference of, the successful termination of the prosecution. Accordingly, the liberality of our Civil Practice Act notwithstanding, plaintiff's complaint fails to state a claim, for either malicious arrest or malicious prosecution, upon which relief can be granted.

2. Plaintiff contends that the court erred in dismissing her complaint because a claim for abuse of criminal process was stated therein. This contention is without merit. Our courts have ruled that an action for abuse of criminal process, as distinguished from civil process, will not lie.[1] "In truth the form of action for the malicious use or abuse of process is applicable only to civil process, while an action for malicious arrest or malicious prosecution is applicable only to criminal process." *Grist v. White,* 14 Ga. App. 147, 149 (80 SE 519).

---

[1] See the annotation in 27 ALR3d 1202, entitled "Use of criminal process to collect debt as abuse of process," where the annotator states at page 1205 in footnote 13 that "The Georgia courts have held that under the rule

3. In view of our ruling in Divisions 1 and 2 we hold the dismissal of plaintiff's complaint was in order. However, the trial court erred in dismissing the complaint "with prejudice." These words should not have been added.

"A dismissal under Rule 12 (b) (6) generally is not on the merits and the court normally will give plaintiff leave to file an amended complaint. The federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities requires that plaintiff be given every opportunity to cure a formal defect in his pleading. This is true even though the court doubts that plaintiff will be able to overcome the defects in his initial pleading. Amendment should be refused only if it appears to a certainty that plaintiff cannot state a claim. The better practice is to allow at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely the court will be able to determine conclusively on the face of a defective pleading whether plaintiff actually can state a claim." Wright & Miller, Federal Practice and Procedure: Civil § 1357, p. 611.

Although plaintiff may not be able to amend her complaint to meet the fatal objection raised by the motion to dismiss, namely, failure to allege that the criminal proceedings terminated favorably to her, the trial court should not have made its dismissal "with prejudice." In view of this entry which foreclosed plaintiff's right to institute another suit, we affirm the judgment of the trial court with the direction that these words be stricken and in lieu thereof plaintiff be granted leave to amend. See *Smith v. Embry,* 103 Ga. App. 375, 381 (119 SE2d 45).

*Judgment affirmed with direction. Bell, C. J., and Quillian, J., concur.*

---

obtaining in the jurisdiction that an action for abuse of criminal process, as distinguished from civil process, will not lie, no recovery can be had for the use of criminal process for the purpose of collecting a private debt."

18

SUBMITTED SEPTEMBER 9, 1974 — DECIDED
OCTOBER 15, 1974.

*Hatcher & Cook, Donald E. Strickland,* for appellant.

*Smith, Geer, Brimberry & Kaplan, Peter Zack Geer,* for appellee.