## 51323. GREEN v. MERCURY MILLS, INC. et al.
## 51324. MERCURY MILLS, INC. v. GREEN et al.

Webb, Judge.

This appeal and cross appeal arose from a complaint filed by Robert Green, d/b/a Riverside Carpets, in which he alleged, among other things, that Management Safeguards of America, Inc., Ralph A. Childs, Mercury Mills, Inc., and other named defendants acting on behalf of Mercury Mills were guilty of a malicious use of process by swearing out a possessory warrant by which they obtained certain described carpets in Green's possession; and that by this malicious and wrongful abuse of process

he had been damaged in the amount of $100,000. Mercury Mills, Safeguards of America and Childs filed motions to dismiss or strike "the complaint or so much thereof as alleges malicious abuse ... and malicious use of process." The trial court granted the motions to dismiss as to all allegations of malicious use of process, but denied the motions as to malicious abuse of process. Green appeals as to the former ruling and Mercury Mills and the other defendants cross appeal as to the latter. A certificate of appealability was issued on June 23, 1975.

1. The trial court correctly dismissed the complaint as to the allegations of malicious use of process because Green did not allege that the dispossessory warrant action, upon which his suit was based, terminated in his favor before his suit was filed. While the distinctions between the actions of malicious use of process and abuse of process are somewhat "refined and technical," they are recognized by the law. *King v. Yarbray,* 136 Ga. 212 (71 SE 131); *Carl v. Hansbury,* 67 Ga. App. 830, 833 (21 SE2d 302). "It is essential that an action for damages for malicious use of civil process show (1) malice, (2) want of probable cause, and (3) termination of the proceedings in a judgment in favor of the defendant." *Georgia Veneer &c. Co. v. Florida Nat. Bank,* 198 Ga. 591 (2) (32 SE2d 465); *Myers v. Clark,* 126 Ga. App. 154, 155 (2) (190 SE2d 134). "Even under our liberalized notice pleading a motion to dismiss is properly sustained whenever the complaint fails to show a legal basis for recovery. [Cits.]" *Myers v. Clark,* 126 Ga. App. 154, supra. See also *Hatcher v. Moree,* 133 Ga. App. 14 (1) (209 SE2d 708). The fact that subsequent to the termination of the dispossessory warrant proceeding complained of here our Supreme Court, in *Roberts v. Macaulay,* 232 Ga. 660 (208 SE2d 478), declared such procedures to be an unconstitutional denial of due process does not amend this defect in pleading.

2. We conclude that the trial court erred in denying the motion to dismiss or strike the allegations of abuse of process. While the malicious use of a legal process implies an ulterior motive in procuring the issuance of a warrant, malicious abuse of a legal process involves an improper use of it after it is issued. *Carl v. Hansbury,* 67

Ga. App. 830, 833, supra. "An action for a malicious abuse of process lies where a party employs process, legally and properly issued, wrongfully and unlawfully for a purpose which it is not intended by law to effect . . ." *Waters v. Winn,* 142 Ga. 138, 139 (82 SE 537). The mere allegation, however, that the process was perverted and put to an unintended use is not sufficient; the complaint must go further and enable the court to see for itself what the nature of the process was and the ultimate end it was designed to accomplish. *Dantley v. Burge,* 88 Ga. App. 478 (77 SE2d 107); 1 EGL 122, § 8.

Green alleged that the rugs were taken from his possession by an unconstitutional procedure that deprived him of his property without due process of law; that they were taken "under an improper legal remedy" since he had acquired the carpet from which the rugs were made "under an oral contract and not in any of the statutorily-required methods after which a possessory warrant may be brought"; and that defendants knew he was not in unlawful possession of their goods at the time the allegedly valid possessory warrant was sued out and levy made.

On August 16, 1973, when Mercury Mills swore out the possessory warrant complained of here, the procedures used were authorized by Code § 82-101 et seq. As noted in Division 1, supra, these proceedings were not declared unconstitutional by the Supreme Court until over a year later. *Roberts v. Macaulay,* 232 Ga. 660, supra. The allegations of malicious abuse of process based upon the unconstitutionality of the procedure are without merit.

Code § 82-101 provided that a possessory warrant would be issued upon complaint being made by oath that any "personal chattel, having recently been in the quiet, peaceable, and legally acquired possession of such complaining party, has disappeared without his consent, and, as he believes, has been received or taken possession of by the party complained against, under some pretended claim and without lawful warrant of authority . . ." Green has never denied possession of the carpet or that it had originally belonged to Mercury Mills. Under the admissions in the case Mercury Mills had sufficient

reasonable cause to attempt to recover its property by the use of this procedure, and it cannot be said as a matter of law that it employed the process for a purpose which it was not intended to effect. To state it differently, there was nothing done under this levy that was not ordinarily done under a process of this kind. "[I]f the act of the prosecution.be in itself regular, the motive, ulterior or otherwise, is immaterial." *Davison-Paxon Co. v. Walker,* 174 Ga. 532, 536 (163 SE 212). Therefore, the complaint failed to allege a cause of action for malicious abuse of legal process. See *Carl v. Hansbury,* 67 Ga. App. 830, supra; *Dantley v. Burge,* 88 Ga. App. 478, supra, and cases cited p. 482.

*Judgment affirmed in part and reversed in part. Bell, C. J., and Marshall, J., concur.*

ARGUED OCTOBER 7, 1975 — DECIDED OCTOBER 23, 1975 — 51324, REHEARING DENIED NOVEMBER 10, 1975.

*Mitchell, Mitchell, Coppedge & Boyett, John A. Henderson,* for appellant (case No. 51323).

*Pittman, Kenney, Kemp, Pickell & Avrett, L. Hugh Kemp, McCamy, Minor, Phillips & Tuggle, John T. Minor, III, Bobby Lee Cook,* for appellees.

*Pittman, Kinney, Kemp, Pickell & Averett, Henry C. Tharpe, Jr., L. Hugh Kemp,* for appellant (case No. 51324).

*John A. Henderson, John T. Minor, III, Bobby Lee Cook, Warren N. Coppedge, Jr., Terry L. Miller,* for appellees.