## 58257. PUGH v. FRANK JACKSON LINCOLN-MERCURY, INC.

QUILLIAN, Presiding Judge.

The defendant appeals from an order dismissing its counterclaim. *Held:*

1. The plaintiff, appellee, contends that the dismissal of a counterclaim is not appealable without complying with Code Ann. § 6-701 (a) 2 (Ga. L. 1965, p. 18; as amended through Ga. L. 1975, pp. 757, 758). However, 3 days after the order on the counterclaim the plaintiff dismissed the complaint. Hence, the cause is no longer pending in the court below and the judgment complained of was appealable directly.

2. The thrust of the plaintiff's complaint was that the defendant had fraudulently misrepresented the mileage on an automobile which it sold the plaintiff. In 2

counts damages were sought for 1) knowing misrepresentation and 2) violation of the Odometer Disclosure Act, 15 USC § 1981 et seq.

The defendant in its counterclaim alleged as follows:

"1. Defendant informed Mr. Keith Spivey, agent and employee of the plaintiff, at the time defendant traded the said Mark IV automobile to plaintiff for a 1975 Cherokee Jeep, that he 'would not stake his life' on certifying that the said 1973 Mark IV automobile in question had actually been operated the number of miles shown on the odometer but that defendant had been assured by Mr. Thomas Sanford, the individual from whom defendant purchased said automobile, that the odometer reading was correct.

"2. The said Keith Spivey, agent and employee of the plaintiff, then advised defendant to 'go ahead and sign it anyway because it does not make any difference.'

"3. Defendant avers that he has not defrauded plaintiff and has not misrepresented to plaintiff that said vehicle had been operated 20,165 miles at the time the said vehicle was traded to plaintiff and and further avers that plaintiff, through its agent and employee, Keith Spivey, was aware that defendant only represented that as far as he knew the miles on the odometer at the time of the transfer of the automobile to plaintiff was correct.

"4. Defendant further shows the Court that by reasons of plaintiff's malicious abuse of process defendant was compelled to employ an attorney to defend the complaint maliciously filed against defendant by the plaintiff and that defendant, because of plaintiff's said actions, is entitled to punitive damages and defendant has otherwise been damaged in all in the sum of $250,000.00."

Under the allegations made and in the context therein we find the trial judge correctly granted the plaintiff's motion to dismiss the counterclaim.

In *Poole v. City of Atlanta,* 117 Ga. App. 432, 434 (160 SE2d 874) we expounded the principles relevant to a motion to dismiss a complaint. " ' "A complaint may be dismissed on motion if clearly without any merit; and this want of merit may consist in an absence of law to support a claim of the sort made, or of facts sufficient to make a good claim, or in the disclosure of some fact which will

necessarily defeat the claim." But a complaint should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim.' . . . Of course, pleadings are liberally construed . . . Nevertheless, the motion to dismiss may be granted where the complaint fails to show the plaintiff is entitled to relief. In short, there must be some legal basis for recovery." Accord, *Myers v. Clark,* 126 Ga. App. 154 (1) (190 SE2d 134); *Hancock v. City of Dalton,* 131 Ga. App. 178, 182 (205 SE2d 470). Here, in the court's consideration of the counterclaim "we will not infer or conjure up facts which might support a claim *unless* there is something to suggest that such facts exist." *Rossville Fed. Savings &c. Assn. v. Ins. Co. of N. A.,* 121 Ga. App. 435, 439 (174 SE2d 204).

Even applying the liberal construction required by notice pleading, the complaint fails to set forth an action for malicious use of process since an essential element is the successful termination of the previous litigation. *Ga. Veneer &c. Co. v. Fla. Nat. Bank,* 198 Ga. 591, 609 (32 SE2d 465).

The defendant has styled his cause as being one for malicious abuse of process. "In malicious abuse of process actions there must be an ulterior motive on the part of the plaintiff to employ the process for a purpose for which it was not designed, *coupled with an improper act* in the use of such process *after it has issued which amounts to its perversion to some unlawful purpose." Cooper v. Public Finance Corp.,* 146 Ga. App. 250, 254 (246 SE2d 684).

In this case the defendant in the counterclaim detailed the basis of recovery. "Where a complaint reveals a state of facts which affirmatively shows that there is no liability on the defendant, it is subject to dismissal." *Myers v. Clark,* 126 Ga. App. 154 (3, 4), supra; *Hatcher v. Moree,* 133 Ga. App. 14, 16 (209 SE2d 708). Although the pleading disputes the validity of plaintiff's claim, it shows that the plaintiff brought the action to recover for what he contends were fraudulent misrepresentations and a violation of the Odometer Disclosure Act and process issued for that purpose. Maliciously utilizing civil process without probable cause will sustain an action for

malicious *use* but not *abuse* of process. *Braswell v. Mason Kominers Tire Co.,* 56 Ga. App. 593 (193 SE 357). Here the defendant has shown that there is no liability for malicious abuse of process on the part of the plaintiff. *Carl E. Jones Development v. Wilson,* 149 Ga. App. 679, 680 (255 SE2d 135). Hence, it was not error to dismiss the counterclaim.

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

ARGUED JULY 10, 1979 — DECIDED SEPTEMBER 12, 1979.

*W. A. Dinges,* for appellant.

*Warren W. Wills, Jr., Nicholas C. Moraitakis,* for appellee.