## A91A1253. BARBER v. COLLINS.
### (410 SE2d 444)

BEASLEY, Judge.

Barber appeals from the grant of the motion to dismiss his complaint. For previous history in this case see *Barber v. Collins*, 194 Ga. App. 385 (390 SE2d 633) (1990). After the return of the remittitur to the trial court, Barber's complaint was filed along with a document he denominated a "motion for summary judgment," which actually sought a judgment on the pleadings based on the answer being in default. Collins, the revenue commissioner, filed an answer and a motion to dismiss the complaint which primarily focused on the "motion for summary judgment," treating it as the complaint. The trial court entered an order which denied Barber's motion and granted the motion by Collins and dismissed the complaint.

The complaint alleged that Barber suffered a loss when a fire destroyed his house; that he was unable to recover from his insurance company and filed for a loss on his Federal and State income tax forms; that a conspiracy prevented him from collecting on his valid claim. It was further alleged that as a result of the conspiracy he developed a serious mental and emotional disorder leading to temporary insanity from September 11 through 13, 1987, during which he committed several crimes. A jury found Barber guilty but mentally ill and he was sentenced to life plus 40 years.

Barber sought a tax refund of $250,000 and damages for the refusal to honor his valid claim which resulted in his mental disorder and incarceration. Barber also sought an injunction and equitable re-

lief but the Supreme Court has transferred the appeal to this court, eliminating those issues.

1. The pro se complaint was served on July 2, 1990. The answer was filed within 30 days thereafter, and defendant Collins was not in default, as Barber contends. OCGA § 9-11-12 (a).

2. What is the posture of the case resulting from the February 1989 order of the trial court pursuant to OCGA § 9-15-2 that "the complaint sets forth a justiciable issue or [sic] fact?" This was the initial order entered pursuant to OCGA § 9-15-2 (d).

Our cases which have construed OCGA § 9-15-2 have scanned the pleadings to determine whether a claim as defined in OCGA § 9-11-8 has been set forth. If so, the trial court must permit the filing of the claim. See *Acker v. Veal*, 183 Ga. App. 297 (359 SE2d 7) (1987); *Evans v. City of Atlanta*, 189 Ga. App. 566 (377 SE2d 31) (1988). This does not mean that the test for determining whether to permit the filing of a claim under OCGA § 9-15-2 is the same as the test for deciding whether a claim will withstand attack by a motion to dismiss under OCGA § 9-11-12 (b) (6).

OCGA § 9-11-60 (h) has abolished the law of the case but does not accommodate the view that a standing order can be ignored with regard to subsequent proceedings. See *Bradley v. Tattnall Bank*, 170 Ga. App. 821, 823 (318 SE2d 657) (1984). If the order has been ratified by an appellate court, it must be treated with due deference. However, if the order is merely interlocutory in character, it remains within the breast of the trial court even after the expiration of the term. *Hubbert v. Williams*, 175 Ga. App. 393, 395 (333 SE2d 425) (1985).

Our previous decision, reported at 194 Ga. App., supra, did not approve the February 1989 order but merely held that while it remained extant, neither modified nor revoked, the second OCGA § 9-15-2 order, of March 1989, was a nullity. Thus, when the trial court considered Collins' motion to dismiss, the original order was not conclusive and did not control. The trial court was free to give a fresh appraisal insofar as the merits of the claim were concerned, when it determined whether the complaint failed to state a claim upon which relief could be granted.

3. (a) Thus we reach the viability, or lack thereof, of the claim. We assume but do not decide that official or sovereign immunity is not applicable. See *Joyce v. Van Arsdale*, 196 Ga. App. 95 (395 SE2d 275) (1990); *Peele v. Dobbs*, 196 Ga. App. 684 (396 SE2d 600) (1990); *Logue v. Wright*, 260 Ga. 206 (392 SE2d 235) (1990).

" 'If damages are traceable to an act of negligence, but are not its legal or material consequence, or if other and contingent circumstances preponderate largely in causing the injurious effect, such damages are too remote and contingent to be the basis of a recov-

ery.'" *Gulf Oil Corp. v. Stanfield*, 213 Ga. 436, 439 (99 SE2d 209) (1957). The denial of Barber's claim for refund and his alleged mental disorder and subsequent incarceration, even if there was a "conspiracy" involved (*Hyman v. Moldovan*, 166 Ga. App. 891, 892 (305 SE2d 648) (1983)), are too remote and contingent, as a matter of law, to be the proximate cause of any of the damages claimed to have been suffered by Barber. OCGA § 51-12-9.

(b) A claim for refund must be brought under the provisions of OCGA § 48-2-35. *Henderson v. Carter*, 229 Ga. 876, 879 (195 SE2d 4) (1972). Accord *State of Ga. v. Private Truck Council &c.*, 258 Ga. 531, 534 (371 SE2d 378) (1988). The complaint is the wrong avenue for initiating a claim for this redress. It affirmatively reveals the absence of any right by Barber to prosecute a claim under that code section. *Poole v. City of Atlanta*, 117 Ga. App. 432, 433 (2) (160 SE2d 874) (1968); *Pugh v. Frank Jackson Lincoln-Mercury*, 151 Ga. App. 320, 322 (259 SE2d 711) (1979).

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 4, 1991.

Eugene Barber, *pro se.*
Michael J. Bowers, *Attorney General*, Daniel M. Formby, *Senior Assistant Attorney General*, for appellee.