## A93A0475. THOMPSON v. DEPARTMENT OF TRANSPORTATION.
### (433 SE2d 623)

SMITH, Judge.

Appellant-plaintiff Thompson owns a Mrs. Winner's restaurant.

After public dissemination of a proposal by which appellee-defendant Department of Transportation (DOT) would make improvements to public streets adjoining Thompson's business, a purchaser of that business withdrew the offer to buy. It is undisputed that the proposed street improvements are still in the planning and development stage. No direct condemnation or notice of condemnation has ever been filed by DOT. Unable to sell his business, Thompson brought this action for damages, alleging inverse condemnation and a civil rights claim under 42 USC § 1983. DOT moved for summary judgment as to each theory of liability. This motion was granted by the trial court and Thompson appeals.

1. Alleged losses or diminution in the fair market value of property attributable to an *anticipated* condemnation are not compensable elements of damage or a taking resulting from the exercise of eminent domain authority, regardless of whether the claim is styled as a direct or inverse condemnation. *Josh Cabaret, Inc. v. Dept. of Transp.*, 256 Ga. 749 (3), 750 (5) (353 SE2d 346) (1987). See also *Housing Auth. &c. of Decatur v. Schroeder*, 222 Ga. 417 (151 SE2d 226) (1966). Such pre-condemnation publicity losses are the only basis for a claim for money damages in this suit. Moreover, DOT is not *permitted* to acquire property interests for future road building until the Secretary of Transportation of the United States has approved in advance all of the necessary funding. OCGA § 32-3-1 (c) (1). The trial court correctly granted DOT's motion for summary judgment as to Thompson's claim sounding in inverse condemnation.

2. "A State is not a person within the meaning of [42 USC] § 1983. . . . In common usage, the term 'person' does not include the sovereign, and statutes employing the word are ordinarily construed to exclude it." (Citations and punctuation omitted.) *Will v. Michigan Dept. of State Police*, 491 U. S. 58, 64 (109 SC 2304, 105 LE2d 45) (1989). The Eleventh Amendment bars a § 1983 action against "States or governmental entities that are considered 'arms of the State,' for Eleventh Amendment purposes. [Cit.]" *Will v. Michigan Dept. of State Police*, supra at 70. "The right of eminent domain is a sovereign right of the State. It is inherent in every sovereignty. . . . [T]he legislature . . . may confer the power upon agencies." *Chestatee Pyrites Co. v. Cavenders Creek Gold Mining Co.*, 119 Ga. 354, 355 (1) (46 SE 422) (1904).

Pursuant to OCGA § 32-2-2 (a) (8), the legislature has delegated to DOT the authority to exercise the right and power of eminent domain for public road and transportation purposes. It follows that DOT is an "arm of the State" for eminent domain purposes, and the trial court correctly held that an action brought against DOT under 42 USC § 1983 could not be maintained for losses occasioned by pre-condemnation publicity. The grant of summary judgment was correct.

*Amdahl Corp. v. Dept. of Admin. Svcs.*, 260 Ga. 690, 698 (4) (398 SE2d 540) (1990).

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED JUNE 18, 1993 —
RECONSIDERATION DENIED JULY 8, 1993 — 

*Chamberlain, Hrdlicka, White, Johnson & Williams, Richard N. Hubert,* for appellant.

*Michael J. Bowers, Attorney General, George P. Shingler, Senior Assistant Attorney General, Cathy A. Cox-Brakefield, Assistant Attorney General,* for appellee.