## A94A1100. MOSIER v. STATE BOARD OF PARDONS & PAROLES et al.

### (445 SE2d 535)

ANDREWS, Judge.

Following his conviction and incarceration for rape, aggravated sodomy, armed robbery and false imprisonment (see *Mozier v. State*, 207 Ga. App. 264 (427 SE2d 551) (1993)),[1] Mosier submitted a pro se complaint, along with a request to proceed in forma pauperis, to the Superior Court of Bibb County, seeking damages and other relief against the State Board of Pardons & Paroles (Parole Board), its former chairman, the former district attorney for the Macon Judicial Circuit, and two assistant district attorneys involved in his criminal prosecution. Pursuant to OCGA § 9-15-2 (d), the superior court judge entered an order refusing to allow the complaint to be filed. Mosier appeals from the trial court's order.

1. In his first enumeration of error, Mosier claims that because the trial judge regularly tries criminal cases prosecuted by the district attorney's office, the judge's impartiality might be questioned and he should have recused himself from this case. This contention presents nothing for appellate review since the record does not reflect that Mosier made any request for recusal. *Howard v. Burch*, 210 Ga. App. 515, 516 (436 SE2d 573) (1993).

2. Next, Mosier claims the trial court erred in refusing to allow his complaint to be filed. "When a civil action is instituted by an indigent party who is not represented by an attorney the trial judge is required to 'review the pleading and, if the judge determines that the pleading shows on its face such a complete absence of any justiciable issue of law or fact that it cannot be reasonably believed that the court could grant any relief against any party named in the pleading, then the judge shall enter an order denying filing of the pleading.' OCGA § 9-15-2 (d)." *Hawkins v. Rice*, 203 Ga. App. 537 (417 SE2d 174) (1992). If the pleading sets forth a claim as defined by OCGA § 9-11-8, the trial court must allow it to be filed. *Barber v. Collins*, 201 Ga. App. 104, 105 (410 SE2d 444) (1991); *Gonzalez v. Zant*, 199 Ga. App. 13, 14 (403 SE2d 880) (1991). A "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (Citation and punctuation omitted.) *Battle v. Seago*, 208 Ga. App. 516 (431 SE2d 148) (1993).

Mosier asserted in his complaint that, prior to his arrest, the State illegally seized a manuscript written by him. In *Mozier v. State*, supra, we rejected Mosier's claims that the manuscript was illegally

---

[1] Although the name is spelled differently, the same person is the appellant in the prior criminal case and in this case.

seized. At his criminal trial, the State introduced testimony that the manuscript was autobiographical in nature and featured a murder. Id. at 267-268. The complaint further states that the two assistant district attorneys named as defendants wrote a letter to the Parole Board describing aspects of the crimes, giving an opinion as to his personality, stating that an autobiographical writing was seized from his apartment which described a murder, and also including a copy of the seized manuscript. Mosier contends the manuscript was his private property and that sending the letter and the copy of the manuscript to the Parole Board violated his federal constitutional rights and rights under State law. The complaint is stated as a claim pursuant to 42 USC § 1983 for violation of equal protection and due process rights under the federal constitution and a claim under State law for invasion of privacy and defamation. The former district attorney was named as a defendant on the basis that he was responsible for the conduct of his defendant assistants, who were sued in their individual capacities. The Parole Board was named as a defendant on the basis that it denied Mosier notice of the allegedly false information it received in the letter. The complaint makes the same claim against the former chairman of the Parole Board and seeks damages against him in his official capacity.

The State law claims against the district attorney and his assistants are barred by prosecutorial immunity under Art. VI, Sec. VIII, Par. I (e) of the Georgia Constitution of 1983, which provides that: "District attorneys shall enjoy immunity from private suit for actions arising from the performance of their duties." "The rationale behind this immunity is that prosecutors, like judges, should be free to make decisions properly within the purview of their official duties without being influenced by the shadow of liability. Therefore, a district attorney is protected by the same immunity in civil cases that is applicable to judges, provided that his acts are within the scope of his jurisdiction. The determining factor appears to be whether the act or omission is intimately associated with the judicial phase of the criminal process." (Citations, punctuation and emphasis omitted.) *Robbins v. Lanier*, 198 Ga. App. 592, 593 (402 SE2d 342) (1991); *Smith v. Hancock*, 150 Ga. App. 80 (256 SE2d 627) (1979); *Holsey v. Hind*, 189 Ga. App. 656 (377 SE2d 200) (1988).

In *Allen v. Thompson*, 815 F2d 1433 (11th Cir. 1987), the Eleventh Circuit Court of Appeals considered a similar claim in which a prisoner sued the U. S. Attorney alleging that he maliciously wrote a false letter to the Bureau of Prisons and the Parole Commission. The court concluded that: "Parole decisions are the continuation of the sentencing process, and the assistant [U. S.] Attorney's reports to the Parol Commission are part of that process. While not undertaken literally at the direction of the court, these activities are so intimately

associated with the judicial phase of the criminal process as to cloak the prosecutors with absolute immunity from suits for damages." Id. at 1434. We conclude that sending the letter to the Parole Board was an act within the scope of the prosecutors' duties, intimately associated with the judicial phase of the criminal process, and protected by prosecutorial immunity. See OCGA § 15-18-6 (10).

The district attorney and his assistants are also immune from the claims asserted pursuant to 42 USC § 1983. Prosecutors are absolutely immune from liability for damages sought in a § 1983 claim resulting from engagement in "the duties of the prosecutor in his role as advocate for the State. . . ." *Imbler v. Pachtman*, 424 U. S. 409 (96 SC 984, 47 LE2d 128, 144, n. 33) (1976); compare *Buckley v. Fitzsimmons*, 509 U. S. ___ (113 SC 2606, 125 LE2d 209, 226) (1993) ("when a prosecutor 'functions as an administrator rather than as an officer of the court' he is entitled only to qualified immunity"). Since we found the complained of actions were "intimately associated with the judicial phase of the criminal process," we conclude that the prosecutors were acting in their roles as advocates for the State and are entitled to absolute immunity from liability for the damages sought pursuant to § 1983.

Any State law claims asserted against the Parole Board and its former chairman are barred by sovereign immunity. In passing on and processing applications for parole, the members of the Parole Board exercise discretion in the performance of their quasi-judicial functions. *Neal v. McCall*, 134 Ga. App. 680, 681-682 (215 SE2d 537) (1975). Accordingly, the complaint against the Parole Board and its former chairman in his official capacity is a suit against the State to which the defense of sovereign immunity is applicable. OCGA §§ 50-21-22 (5); 50-21-24 (1), (2), (4), (5); Art. I, Sec. II, Par. IX, Ga. Const. 1983, as amended.

Because the sovereign immunity of the State protects these defendants from the State law claims, we also conclude that they are not subject to the claim for damages asserted pursuant to 42 USC § 1983. "Section 1983 authorizes a recovery of damages against a 'person' who, under color of state law, deprives another of his federal constitutional rights. '(I)n enacting § 1983, Congress did not intend to override well-established immunities or defenses under the common law. . . . The doctrine of sovereign immunity was a familiar doctrine at common law. . . . We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent.' *Will v. Mich. Dept. of State Police*, 491 U. S. 58, 67 (109 SC 2304, 105 LE2d 45) (1989)." *State Bd. of Ed. v. Drury*, 263 Ga. 429, 433-434 (437 SE2d 290) (1993); *Thompson v. Dept. of Transp.*, 209 Ga. App. 353, 354 (433 SE2d 623) (1993). "[N]either a State nor its officials acting in their official capacities are

'persons' under § 1983." *Will*, supra at 71. Accordingly, these defendants are not "persons" against whom a § 1983 claim for damages will lie. See *Drury*, supra at 434-435.

Since the State law claims and the damage claims asserted pursuant to 42 USC § 1983 are barred by immunity defenses, there existed no justiciable issue with respect to these claims and the trial court properly refused to allow them to be filed pursuant to OCGA § 9-15-2 (d). *Hawkins*, supra at 538.

We find no basis in the complaint to establish a justiciable issue of law or fact in support of the declaratory or injunctive relief sought by Mosier. The trial court also correctly refused to allow the filing of these claims.

*Judgment affirmed. Beasley, P. J., and Johnson, J., concur.*

DECIDED MAY 24, 1994 —
RECONSIDERATION DENIED JUNE 14, 1994 — 

Michael R. Mosier, *pro se.*
*Charles H. Weston, District Attorney, Graham A. Thorpe, Elizabeth K. Bobbitt, Assistant District Attorneys, Michael J. Bowers, Attorney General*, for appellees.