## A97A1207. GOLDEN PLAZA, L.L.C. v. AUGUSTA-RICHMOND COUNTY et al.

### (491 SE2d 69)

BEASLEY, Judge.

Golden Plaza, L.L.C., filed this four-count complaint against Augusta-Richmond County and Augusta Exchange, L.L.C., alleging as follows: Golden Plaza is the owner of certain real property, which it acquired for the purpose of developing a shopping center. Augusta Exchange owns or has an interest in certain nearby property, which it intends to develop as a shopping center. Augusta Exchange wishes to acquire a roadway as access to its property, and it and the county have entered into an agreement under which the county proposes to acquire by condemnation a parcel of land, ostensibly to be a public roadway, but the real purpose of which is to provide access at public expense to Augusta Exchange's property. The agreement purports to limit the total costs to be incurred by the county, without regard to whether such sum would constitute just and adequate compensation for the property taken. The proposed taking would entail the acquisition of certain portions of Golden Plaza's property, causing it to suffer irreparable harm.

In Count 1, plaintiff requested an interlocutory injunction barring the county from proceeding with the proposed condemnation. Count 2 sought a judgment declaring plaintiff's rights and defendants' duties with regard to the subject property. Count 3 sought damages both for inverse condemnation and under 42 USC § 1983, based on assertions that defendants had acted illegally and deprived plaintiff of constitutional rights by setting a maximum value to be paid for plaintiff's property and in orchestrating a public taking for a private use. Count 4 sought attorney fees under the criteria set forth in OCGA § 13-6-11.

Plaintiff did not seek a hearing on its request for an interlocutory injunction, but, after the complaint was filed, the county initiated a proceeding to condemn the right-of-way. Plaintiff later conveyed its interest in the subject property to a third party. Notwithstanding the transfer of interest, plaintiff did not seek to amend its complaint or substitute the transferee as the real party in interest.

The defendants filed answers in which they sought a dismissal of the complaint on the following grounds, among others: the complaint fails to state a claim upon which relief may be granted, and plaintiff lacks standing to prosecute this action since it no longer has an interest in the subject property. As authorized by OCGA § 9-11-12 (d), the county applied to the trial court for a determination of whether its defense that plaintiff's complaint fails to state a claim for relief should be sustained.

After conducting a hearing, the court dismissed the complaint on the following grounds: (1) plaintiff lacks standing to pursue its claims for injunctive and declaratory relief because it no longer has any ownership interest in the subject property; (2) plaintiff's claims for damages and attorney fees cannot be maintained under *Thompson v. Dept. of Transp.*, 209 Ga. App. 353, 354 (1) (433 SE2d 623) (1993) which holds that alleged losses attributable to an anticipated condemnation are not compensable elements of damage under Georgia law regardless of whether the claim is styled as a direct or inverse condemnation; (3) under *Thompson,* supra at 354 (2), a county is not a "person" within the meaning of § 1983.

Plaintiff filed a notice of appeal, which the defendants moved to dismiss because of mootness. The trial court granted defendants motions. Plaintiff contends that the court erred in dismissing its appeal because its complaint does state a claim for relief. The county has filed a motion to dismiss the appeal as moot.

The claims asserted by plaintiff in Counts 1 through 3 of its complaint are based on its status as landowner. Plaintiff conveyed its interest in the property without amending its complaint to assert any claims for relief independent of such status. Therefore, the question of whether these counts of the complaint state a claim for relief is moot.[1] See *Goodyear v. Trust Co. Bank*, 248 Ga. 407, 408 (284 SE2d 6) (1981). The mootness of these counts renders the attorney fee request in the remaining count subject to dismissal, because such request was ancillary to the other claims. See *Barnett v. Morrow*, 196 Ga. App. 201, 202 (396 SE2d 11) (1990). Dismissal of the appeal is required.

*Appeal dismissed. Smith, J., concurs. McMurray, P. J., concurs in the judgment only.*

DECIDED JUNE 11, 1997 —
RECONSIDERATION DENIED AUGUST 7, 1997 —

*Chamberlain, Hrdlicka, White, Williams & Martin, Richard N. Hubert, Dan B. Wingate*, for appellant.

*Burnside, Wall, Daniel, Ellison & Revell, Harry D. Revell, Dunstan, Dunstan & Cleary, James R. Dunstan, Rowe, Foltz & Martin, Mitchell S. Rosen, Pamela R. Masters*, for appellees.

---

[1] In addition, the initiation of the condemnation proceeding rendered plaintiff's request for injunctive relief moot. See *Adams v. Smith*, 240 Ga. 436, 437 (241 SE2d 1) (1978).