A98A0889, A98A0962. GOLDEN PLAZA, LTD. v. RICHMOND COUNTY et al. (two cases).
(502 SE2d 321)

JOHNSON, Judge.

This is the third appearance of these parties over issues relating to condemned property. In January 1997, this Court dismissed two appeals filed by Golden Plaza, Ltd. (Case Nos. A97A1030 and A97A1031) because Golden Plaza failed to obtain a certificate of immediate review from the trial court within the requisite time period as required by OCGA § 5-6-34 (b). In June 1997, this Court again dismissed an appeal filed by Golden Plaza, holding, in part, that Golden Plaza's claims were based on its status as a landowner and that Golden Plaza had conveyed its interest in the property and no longer owned the property. *Golden Plaza v. Augusta-Richmond County*, 228 Ga. App. 35, 36 (491 SE2d 69) (1997) (physical precedent only). In the present cases, Golden Plaza appeals state court judgments dismissing it from condemnation proceedings because it lacked standing as a condemnee.

*Case No. A98A0889*

On December 27, 1984, Golden Plaza acquired 18.64 acres of property in Richmond County (the "property"). Golden Plaza provided Merchants Bank with a security interest in the property pursuant to a first deed to secure debt and security. Boatmen's First National Bank of Kansas City ("Boatmen's") obtained a transfer and assignment of the security deed from Merchants Bank. Golden Plaza

and Boatmen's executed an amended and restated basic restructuring agreement (the "restructuring agreement") in February 1996. In accordance with the restructuring agreement, Golden Plaza provided Boatmen's with a special warranty deed that granted title to the property to Boatmen's or its designee in the event that Golden Plaza defaulted on the loan payments.

On June 26, 1996, Richmond County filed a Petition of Condemnation and Declaration of Taking against the property and acquired title to 1.5 acres of the property Golden Plaza owned in fee simple, 0.2 acres of a permanent drainage easement and 1.3 acres of a temporary construction easement. On July 2, 1996, six days after Richmond County acquired the property, Boatmen's designee, M & M Realty, Inc., recorded the special warranty deed that Golden Plaza had signed in February 1996 pursuant to the restructuring agreement. The special warranty deed stated that Golden Plaza transferred, conveyed and assigned its ownership interest in the property and did not reserve any interest in the property.

M & M Realty executed a limited warranty deed for the property to Timberlake/Abernathy on May 14, 1997. M & M Realty also granted AE II, L.L.C. ("AE") an interest in the indebtedness secured by the property, and AE was substituted for Boatmen's as the secured lender for the property. On May 29, 1997, M & M Realty and Boatmen's granted and assigned all of M & M Realty's and Boatmen's rights and interest in the condemnation action to Timberlake/Abernathy and AE.

On July 14, 1997, the trial court granted Timberlake/Abernathy's motion to intervene as a condemnee and substituted AE as a party in interest for Boatmen's. One day later, Timberlake/Abernathy and AE filed a motion to dismiss Golden Plaza from the condemnation proceeding, which the trial court granted. Golden Plaza appeals.

## Case No. A98A0962

When Richmond County's engineering plans called for a slight realignment of the road project, the county brought a second condemnation case against the record owners as of February 20, 1997. On that date, the record owners were M & M Realty, as successor in title to Golden Plaza under the special warranty deed recorded July 2, 1996, and Boatmen's, as the lender of record. After this case was filed, M & M Realty conveyed its interest to Timberlake/Abernathy, and Boatmen's conveyed its interest to AE. After the parties were substituted as condemnees, a settlement was reached with Richmond County. Thereafter, Golden Plaza was permitted to intervene. Golden Plaza then filed a motion for new trial, which was denied by the trial

court because Golden Plaza had no interest in the property condemned on the date of taking. Golden Plaza appeals, alleging it was a condemnee on February 20, 1997.

The enumerations of error alleged by Golden Plaza in both cases all stem from one contention: Golden Plaza was a landowner of the property at the time the declarations of taking were filed. According to Golden Plaza, title passed with the June 26, 1996 declaration of taking, rendering the July 2, 1996 filing of the special warranty deed from Golden Plaza to M & M Realty a nullity. This issue was previously decided adversely to Golden Plaza in *Golden Plaza*, supra, where we held that Golden Plaza's inverse condemnation claim was moot because it could not be considered a landowner following the conveyance of its interest on July 2, 1996.

The special warranty deed conveying the subject property from Golden Plaza to M & M Realty on July 2, 1996, contains the following language: "Grantor [Golden Plaza] does by these presents GRANT, BARGAIN, CONVEY AND CONVEY (sic) unto Grantee [M & M Realty] and Grantee's successors and assigns, the property described in *Exhibit A* attached hereto and incorporated herein by this reference, together with all improvements thereon (collectively, the *"Property"*), SUBJECT ONLY TO the matters set forth in *Exhibit B* attached hereto and incorporated herein by this reference." There is no special carve-out of the condemned property in Exhibit A or B. According to the special warranty deed, M & M Realty is "TO HAVE AND TO HOLD the Property with all and singular the tenements, hereditaments, rights and appurtenances thereto belonging or in any wise appertaining, unto Grantee and Grantee's successors and assigns, forever. . . ."

When Golden Plaza conveyed the subject property to M & M Realty without any reservation or condition, all rights arising out of such ownership were necessarily conveyed and thus lost. Any interest it may have had as a condemnee was conveyed to M & M Realty. The condemnation rights were rights appertaining to the property described in the legal description. While Golden Plaza argues that there is no evidence in the record that M & M Realty properly filed the special warranty deed, Golden Plaza has failed to offer any evidence which would demonstrate that there was anything invalid about the execution, delivery and recording of the special warranty deed.

We affirm the trial court's order dismissing Golden Plaza's appeal in Case No. A98A0889 and affirm the trial court's order denying Golden Plaza's motion for a new trial in Case No. A98A0962. Golden Plaza lacks standing to pursue any issues related to the condemnation proceedings because it conveyed all its right, title and interest in and to the subject property to M & M Realty by special

warranty deed filed July 2, 1996.
 *Judgments affirmed. Birdsong, P. J., and Smith, J., concur.*

DECIDED MAY 6, 1998 —
RECONSIDERATION DENIED MAY 20, 1998 —

*Chamberlain, Hrdlicka, White & Williams, Richard N. Hubert,* for appellant.
 *Burnside, Wall, Daniel, Ellison & Revell, Harry D. Revell,* for appellees.