# Court of Appeals
# of the State of Georgia

ATLANTA,  October 08, 2013

*The Court of Appeals hereby passes the following order:*

**A13A1709.    DIPLOMAT DEVELOPMENT COMPANY, LLC v. SHALLOWFORD INVESTORS, LLC.**

Diplomat Development Company, LLC appeals from the trial court's order granting Shallowford Investors, LLC's motion for an interlocutory injunction requiring the payment of future rent into the court registry.  The record shows, however, that Diplomat Development is not aggrieved by the ruling at issue. Therefore, Diplomat Development lacks standing, and we must dismiss this appeal.

The record reflects that Diplomat Development was the owner and landlord of certain commercial property located in Richmond, Virginia (the "Property"), and the Property and rental income associated with it were pledged as collateral pursuant to certain loan documents. Diplomat Development leased the Property to Select Management Resources, LLC, which remitted monthly rental payments in accordance with the lease agreement (the "Lease").

On March 1, 2013, Appellee Shallowford Investors, LLC filed a verified complaint for declaratory, equitable, and injunctive relief against Diplomat Development and Select Management, contending that it was entitled to collect and receive the rents from Select Management as the assignee and successor in interest to all rights under the loan documents that had been executed by Diplomat Development. On March 19, 2013, after conducting an evidentiary hearing, the trial court granted Shallowford Investor's request for an interlocutory injunction requiring Select Management to pay all rents from April 2013 forward into the registry of the court.

Select Management did not object or oppose entry of the interlocutory

injunction and is not a party to this appeal. In contrast, Diplomat appeals the trial court's grant of the interlocutory injunction, arguing that the court abused its discretion in requiring the payment of future rents into the court registry.

Notably, however, on March 15, 2013, Diplomat Development sold the Property and assigned all of its rights under the Lease to another company, SHR Holdings, LLC.[1] It follows that Diplomat Development lacks standing to pursue this appeal because it no longer has any ownership interest in the Property or a right to future rental payments from the Property and, therefore, is not aggrieved by the interlocutory injunction requiring payment of rents from April 2013 forward into the court registry. See *Flanigan v. RBC Bank (USA), Inc.*, 309 Ga. App. 499, 500 (711 SE2d 63) (2011) ("A party not aggrieved by the judgment of the trial court is without legal right to except thereto, since he has no just cause of complaint.") (citation and punctuation omitted); *In the Interest of M. B. B.*, 241 Ga. App. 249, 250 (1) (a) (526 SE2d 76) (1999) ("As a general rule, one who is not aggrieved by the judgment of the trial court is without legal right to contest the ruling on appeal because she has no just cause of complaint.'). See also *Blair v. Bishop*, 290 Ga. App. 721, n. 1 (660 SE2d 35) (2008) (dismissing party from appeal because he had transferred his interest in the property and thus was not adversely affected by the trial court's ruling); *Golden Plaza, LLC v. Augusta-Richmond County*, 228 Ga. App. 35, 36 (491 SE2d 69) (1997) (physical precedent only) (appeal dismissed where appellant had conveyed his interest in the subject property during pendency of the case). Accordingly, Diplomat Development's appeal is hereby DISMISSED.

---

[1]Shallowford Investors filed a motion in the trial court to add SHR Holdings as a party defendant. That motion had not been decided when the record was prepared for appeal.



*Court of Appeals of the State of Georgia*
     *Clerk's Office, Atlanta,* 10/08/2013
     *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
     *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ Stephen E. Castlen _____, *Clerk.*